IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NETWORK SYSTEM TECHNOLOGIES, LLC, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. 1:22-cv-1331-DAE |
| QUALCOMM INCORPORATED; QUALCOMM TECHNOLOGIES, INC.; ARTERIS, INC., | § § § § § | |
| Defendants. | § § | |

## [PROPOSED] STIPULATED ORDER REGARDING THE DISCLOSURE OF PRIVILEGED INFORMATION

The Parties, by and through their respective counsel, have jointly stipulated to the terms of this Stipulated Order Governing the Disclosure of Privileged Information, and with the Court being fully advised as to the same,

**IT IS HEREBY ORDERED**:

### APPLICABILITY

1. This Order shall be applicable to and govern all deposition transcripts and/or videotapes, and documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, affidavits, declarations, and all other electronically stored information ("ESI") or hard copy documents or material produced, made available for inspection, or otherwise submitted by any of the Parties in this litigation as well as testimony adduced at trial or during any hearing.

## DISCOVERY MATERIALS CONTAINING POTENTIALLY PRIVILEGED INFORMATION

2. The Parties have agreed that, in discovery in this case, they do not intend to disclose information subject to a claim of attorney-client privilege, attorney work product protection, or any other applicable privilege, doctrine, or protection under law or regulation ("Privileged Information").

3. The production or disclosure of any Privileged Information, or the failure to object to the use of such Privileged Information, whether inadvertent, unintentional, or otherwise, and regardless of the circumstances, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding pursuant to Federal Rule of Evidence ("FRE") 502(d). Such production, disclosure, or the failure to object to its use shall not waive, impair, or forfeit any claim of privilege or protection shielding the Privileged Information and its subject matter from discovery.

4. The Producing Party must notify the Receiving Party within a reasonable time, in writing, upon discovery that Privileged Information has been produced, disclosed, or used. Upon receiving written notice from the Producing Party that privileged or otherwise protected material has been produced (the "Identified Materials"):

    a. the Receiving Party shall not, from that point onward, copy, distribute, or otherwise use in any manner the Identified Materials, unless the Parties agree, or the Court orders, otherwise;

    b. the Receiving Party shall instruct all persons to whom the Receiving Party has disseminated the Identified Materials that such information is subject to this Order and may not be copied, distributed, or otherwise used; and

  c. the Receiving Party and all persons notified as set out in the preceding subparagraph shall, within ten (10) calendar days:

    i. return, destroy, delete, or sequester, all Identified Materials and any portion(s) of analyses, memoranda, or notes that were internally generated based upon the Identified Materials;

    ii. return, destroy, delete, or sequester, all copies of the Identified Materials in electronic format in databases, production media, or other locations used to store the documents. For Identified Materials stored on production media, the Receiving Party may load the production, but shall exclude the Identified Materials (thus sequestering them on the production media), or immediately destroy, delete, or sequester them after loading the production; and

    iii. provide a certification of counsel that all Identified Materials have been returned, destroyed, deleted, or sequestered. If sequestered, the certification will state that the Identified Materials have been isolated and not copied, distributed, or otherwise used.

  d. For purposes of this Order, Identified Materials that are not reasonably accessible under Federal Rule of Civil Procedure 26(b)(2)(B) because they are stored by the Receiving Party on backup storage media are deemed to be sequestered. Should such data be retrieved, the Receiving Party must promptly take steps to delete the restored Identified Materials.

5. The Producing Party must provide a privilege log for Privileged Information that has been produced, disclosed, or used within five days of notice as outlined in Paragraph 4.

6. The Receiving Party may make no use of the Identified Materials during any aspect of this matter or any other matter, including in depositions or at trial, unless the documents are later designated by a court of competent jurisdiction as not privileged or protected.

7. If any Receiving Party has reason to believe that it is in receipt of Privileged Information from a Producing Party, the Receiving Party shall not copy, distribute, or otherwise use such Privileged Information in any manner and shall provide prompt notice to the Producing Party to afford an opportunity to request return of the materials in the manner set forth herein. The Producing Party shall thereafter have five (5) business days to notify the Receiving Party, in writing, that Privileged Information has been produced, disclosed, or used as outlined in Paragraph 4.

8. Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Producing Party that such materials have been produced.

9. The contents of the Identified Materials shall not be disclosed to anyone who was not already aware of the contents before the notice was made.

10. If the Receiving Party has any notes or other work product reflecting the contents of the Identified Materials, the Receiving Party will not review or use any portion(s) of those materials reflecting the contents of the Identified Materials unless a court of competent jurisdiction later designates the Identified Materials as not privileged or protected.

11. If the Receiving Party returning the Identified Materials contests the Producing Party's claim of privilege or other applicable protection, the Parties will promptly meet and confer in an attempt to resolve the dispute. If the Parties are unable to resolve the dispute, the Receiving

Party may move the Court for an order compelling production of some or all of the Identified Materials:

    a.    The basis for such a motion may not be the fact or circumstances of the production or disclosure or any of the factors listed in FRE 502(b).

    b.    The motion may not use in any manner the Identified Materials, which should be returned, destroyed, deleted, or sequestered upon notification of claw back.

    c.    The Producing Party retains the burden, upon the Receiving Party's challenge, of establishing the privileged or protected nature of Identified Materials.

    d.    If the Receiving Party challenges the Producing Party's demonstration of the privileged or protected nature of the Identified Materials, the Producing Party must submit the Identified Materials to the Court for *in camera* review.

    e.    Pending resolution of the motion, the Receiving Party must not use the contested information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed motion.

12.    This Stipulated Order does not constitute a concession by any Party that any documents are subject to protection by the attorney-client privilege, the work product doctrine, or any other potentially applicable privilege or doctrine. This agreement also is not intended to waive or limit in any way any Party's right to contest any privilege claims that may be asserted with respect to any of the documents produced except to the extent stated in the agreement.

13. FRE 502(b) is inapplicable to the Identified Materials, which shall receive the maximum protection afforded by FRE 502(d).  Under FRE 502(d) and 28 U.S. Code § 1738, this Order shall be enforceable and granted full faith and credit in all other state and federal proceedings.  Any subsequent conflict of law analysis shall apply the law most protective of privilege and work product, and any other potentially applicable privilege or doctrine.

14. By entering this Order, a Party is not giving up its right to review its documents for privilege or any other reason (including to identify non-responsive documents) and the existence of this Order cannot be used to compel a Party to produce documents without review.

SO ORDERED this _____ day of _____, 2023.

_____
Honorable David A. Ezra
United States District Judge