IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NETWORK SYSTEM TECHNOLOGIES, LLC, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. 1:22-cv-1331-DAE |
| QUALCOMM INCORPORATED; QUALCOMM TECHNOLOGIES, INC.; ARTERIS, INC., | § § § § § | |
| Defendants. | § § § | |

## **SCHEDULING RECOMMENDATIONS**

[*Portions of this Scheduling Recommendation are disputed between the parties. Disputed proposals made by Plaintiff are highlighted in* green *and disputed proposals made by Defendants are highlighted in* blue. *The parties have also provided their reasoning for each dispute below the relevant paragraphs.*]

The parties recommend that the following deadlines be entered in the scheduling order to control the course of this case:

1. Qualcomm contends that its joinder in this case is improper under 35 U.S.C. § 299, but is willing to not object to joinder for pre-trial purposes. Plaintiff believes joinder is proper and discovery into the propriety of joinder matter is warranted. Qualcomm may bring a motion to sever the trials in this matter at or before the dispositive motion deadline.

2. A party seeking to transfer this case to a different venue shall file such a motion by **April 27, 2023**. After this deadline, movants must seek leave of Court and show good cause for delay. For pending inter-district venue transfer motions, the moving party shall provide the

      Court with a status report with respect to whether the motion(s) have been fully briefed and are ready for resolution no later than four weeks prior to the date of the Markman hearing that is scheduled in this case.

3. The parties asserting claims for relief shall submit a written offer of settlement to opposing parties on or before four (4) weeks after receiving the opposing parties' responses to the asserting parties' discovery requests seeking financial and licensing information pursuant to the Federal Rules of Civil Procedure, and each opposing party shall respond, in writing, on or before two (2) weeks thereafter. All offers of settlement are to be private, not filed. The parties are ordered to retain the written offers of settlement and responses so the Court may use them in assessing attorney's fees and costs at the conclusion of the trial.

4. Each party shall complete and file the attached "Notice Concerning Reference to United States Magistrate Judge" on or before **two weeks after the date of this Order**.

5. On or before **May 26, 2023**, parties asserting patent infringement shall serve preliminary patent infringement contentions in the form of claim charts, setting forth where in the accused product(s) each element of the asserted claim(s) are found.[1] On or before **June 1, 2023**, the plaintiff shall (i) identify the priority date for each asserted claim; (ii) produce all documents on which it intends to rely to establish conception, reduction to practice and diligence and shall identify these documents; and (iii) produce a copy of the file history for each patent in suit.

---

[1] Until the deadline to serve Final Contentions in paragraph 8 below, the parties may amend preliminary infringement contentions and invalidity contentions without leave of court so long as counsel certifies that it undertook reasonable efforts to prepare their contentions and the amendment is based on material identified after those preliminary infringement or invalidity contentions were served, and should do so seasonably upon identifying any such material. Any amendment to add patent claims requires leave of Court so that the Court can address any scheduling issues.

6. On or before **August 1, 2023 or three business days after the Court enters the Protective Order, Stipulation Governing Electronic and Hard Copy Discovery, and Stipulated Order Governing the Disclosure of Privileged Information in this lawsuit, whichever is later**, parties asserting patent invalidity shall serve preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101. The § 101 contention shall (1) identify the alleged abstract idea, law of nature, and/or natural phenomenon in each challenged claim; (2) identify each claim element alleged to be well-understood, routine, and/or conventional; and (3) to the extent not duplicative of §§ 102/103 prior art contentions, prior art for the contention that claim elements are well-understood, routine, and/or conventional. The parties shall also produce all prior art referenced in the invalidity contentions. Furthermore, Qualcomm will produce technical documents, including software where applicable, sufficient to show the operation of the NoCs in the Accused Product(s), and Arteris will produce technical documents, including software where applicable, sufficient to show the operation of the Arteris Accused Product(s), to the extent such documents exist. The parties will make productions of these technical documents on a rolling basis such that the productions are complete by August 31, 2023, or three business days after the Court enters the Protective Order, Stipulation Governing Electronic and Hard Copy Discovery, and Stipulated Order Governing the Disclosure of Privileged Information in this lawsuit, whichever is later.

7. **Claim construction procedure shall be as follows:**

a. On **August 4, 2023**, the parties shall concurrently exchange their lists of proposed terms for construction each party believes should be construed by the Court, any claim element a party contends should be governed by 35 U.S.C. § 112 ¶ 6, and any claim term a party believes is indefinite.

b. On **August 17, 2023**, the parties shall concurrently exchange proposed constructions.

c. On **August 31, 2023**, the parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness issues that are being raised during the claim construction proceedings. Absent a showing of good cause, all indefiniteness arguments must be raised during claim construction proceedings. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony.[2] With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced.

d. On **September 7, 2023**, the parties shall meet and confer to narrow terms in dispute and exchange a revised list of terms and constructions.

e. On **October 5, 2023**, Defendants shall file their Joint Opening Claim Construction Brief. The page limit for Defendants' Joint Opening Claim Construction Brief shall be 45 pages, exclusive of the caption, signature block, any certificate, and exhibits. Defendants may file only one Joint Opening Claim Construction Brief on behalf of all Defendants.

---

[2] Any party may utilize a rebuttal expert in response to a brief where expert testimony is relied upon by the other party.

    f. On **November 2, 2023**, Plaintiff shall file its Responsive Claim Construction Brief. The page limit for Plaintiff's Responsive Claim Construction Brief shall be 45 pages exclusive of the caption, signature block, any certificate, and exhibits.

    g. On **November 16, 2023**, Defendants shall file their Joint Reply Claim Construction Brief. The Joint Reply Claim Construction Brief shall be limited to 25 pages exclusive of the caption, signature block, any certificate, and exhibits. Defendants may file only one Joint Reply Claim Construction Brief on behalf of all Defendants.

    h. On **November 16, 2023**, the parties shall jointly email the Court's law clerk to confirm their Claim Construction Hearing date.

    i. On **November 30, 2023**, Plaintiff shall file its Sur-Reply Claim Construction Brief, which shall be limited to 25 pages exclusive of the caption, signature block, any certificate, and exhibits.

    j. On **December 14, 2023**, the parties shall submit optional technical tutorials to the Court and technical adviser (if appointed).[3]

    k. The claim construction hearing shall be held on **December 21, 2023 at 9:00 AM**, subject to the Court's discretion and availability.

8. Plaintiff shall serve final patent infringement contentions **four weeks after** the Court enters its Claim Construction Order or on **March 21, 2024, whichever is later.** Defendants shall serve their final invalidity contentions **seven weeks after** the Court enters its Claim Construction Order or on **April 4, 2024, whichever is later**. After this date, leave of Court is required for any amendment to infringement or invalidity contentions. These deadlines

---

[3] The parties should contact the law clerk to request a Box link so that the party can directly upload the file to the Court's Box account.

do not relieve the Parties of their obligation to seasonably and promptly amend if new information is identified after initial contentions.

9. One week after **[PLAINTIFF'S PROPOSAL 9.1: the date of this Order / DEFENDANTS' PROPOSAL 9.1: the Claim Construction Hearing or January 5, 2024, whichever is earlier]**, fact discovery opens and the parties shall serve initial disclosures pursuant to Fed. R. Civ. P. 26(a). The following discovery limits apply:

   a. Interrogatories: Defendants collectively are permitted a maximum of 15 interrogatories, but each individual Defendant Group[4] is allowed an additional 10 interrogatories which do not count against the stated limit above. Plaintiff may serve a maximum of 30 interrogatories on each Defendant Group.

   b. Requests for Production: 75 per side

   c. Requests for Admission: Except for authentication purposes, Defendants collectively are permitted a maximum of 25 joint requests for admission, but each individual Defendant Group is allowed an additional 20 requests for admission which do not count against the stated limit above. Plaintiff is entitled to a maximum of 40 requests for admission with respect to each Defendant Group. Before serving any requests for admission for authentication purposes, the propounding party must meet and confer at least 7 days in advance of serving any requests for admission for authentication purposes.

   d. Fact Depositions:

   **PLAINTIFF'S PROPOSAL 9.2**: Plaintiff is limited to a total of 105 hours of taking testimony by deposition upon oral examination. Defendants, collectively,

---

[4] "Defendant Group" means each of (1) Qualcomm (Qualcomm Incorporated and Qualcomm Technologies, Inc.); and (2) Arteris (Arteris Inc.).

are limited to a total of 105 hours of taking testimony by deposition upon oral examination.

**DEFENDANTS' PROPOSAL 9.2**: Plaintiff is limited to a total of 60 hours of deposition of each Defendant Group, and no more than 105 total hours of taking testimony by deposition upon oral examination. Defendants are limited to a total of 105 hours of taking deposition by deposition upon oral examination. Unless otherwise agreed to by the parties, no deposition shall exceed 7 hours on the record.

e. Exception to the Obligation to Log Privileged Documents: Unless good cause is shown, the parties shall not be required to log any privileged documents created on or after **[PLAINTIFF'S PROPOSAL 9.3:** the earlier of anticipation of litigation or the commencement of this lawsuit / **DEFENDANTS' PROPOSAL 9.3:** the commencement of this lawsuit.

| The parties disagree on the contents of this paragraph. The parties provide their respective positions for judicial resolution. ||
|---|---|
| **PLAINTIFF'S PROPOSAL 9.1:**<br><br>Under Federal Rules of Civil Procedure 26(d), Plaintiff was (and still is) entitled to propound discovery requests on Defendants when the parties held their Rule 26 conference on March 2, 2023. Plaintiff has refrained from propounding such discovery requests only as a show of good faith while the parties negotiate this recommended schedule. Discovery should not be further delayed until after this Court's Claim Construction Hearing because the parties are already sufficiently knowledgeable of the claims and defenses at issue in this case to identify and produce discoverable and relevant documents. *See* Sample Docket Control Order for Patent Cases Assigned to Judge Rodney | **DEFENDANTS' PROPOSAL 9.1:**<br><br>Plaintiff is asserting one independent claim from six separate patents, each with independent specifications. Several of these patents have significant definiteness issues and therefore may be held invalid under 35 U.S.C. § 112 at claim construction. Two examples follow:<br><br>First, U.S. Patent No. 8,086,800 ("the '800 patent") claims determining an "optimal amount" of data to be buffered, and does not explain how a POSA would determine that optimal amount. This claim is indefinite. *Datamize, LLC v. Plumtree Software, Inc.*, 417 F.3d 1342, 1352 (Fed. Cir. 2005) (finding |

| | |
|---|---|
| Gilstrap and Judge Roy Payne at p. 3 (placing the deadline to substantially complete document production six weeks before the claim construction hearing).<br><br>Defendants cite to Judge Albright's order for support for the proposition to delay discovery until after the Markman Hearing. Such an arrangement makes sense in Judge Albright's court because the OGP also requires defendants to produce technical documents and software showing the operation of accused products contemporaneous with defendants' invalidity contentions. OGP at 2–3. In practice, such invalidity contentions (and discovery of the accused products) are served *before* the Markman Hearing because such contentions drive what terms the parties may seek to construe. What is more, Judge Albright encourages the parties to exchange license and sales information to promote early resolution of the litigation. OGP at 3 n2.<br><br>Defendants' proposal is unreasonable. Delaying the start of discovery until after Claim Construction would not provide the benefits suggested where all of the products have been accused against all of the patents at issue. Thus, even if Claim Construction were to invalidate two of the patents, the parties would still have to exchange discovery on the same accused products since the other four patents would remain at issue. Plaintiff cannot waive its rights and agree to the arbitrary prohibition in contravention of the Federal Rules that delays discovery until one week after the claim construction hearing or January 5, 2024, whichever is earlier.<br><br>**PLAINTIFF'S PROPOSAL 9.2:** | "aesthetically pleasing" indefinite because the specification lacked an objective way to determine whether the look and feel of an interface screen was "aesthetically pleasing").<br><br>Second, U.S. Patent No. 7,366,818 ("the '818 patent") claims a "dropping means (DM) for dropping data". This claim term is governed by 35 U.S.C. § 112, ¶ 6, and the '818 patent does not disclose any structure corresponding to the claimed function. Therefore, the '818 patent is invalid. *Biomedino, LLC v. Waters Technology Corp.*, 490 F.3d 946, 952, 83 USPQ2d 1118, 1123 (Fed. Cir. 2007) (Disclosure that an invention "may be controlled by known differential pressure, valving and control equipment" was not a disclosure of any structure corresponding to the claimed "control means for operating [a] valving " and the claim was held indefinite).<br><br>As a result of these and other issues, there is a substantial possibility that claim construction will substantially narrow the scope of this case, and correspondingly narrow the scope of discovery. For example, it is possible that claim construction will allow the parties to avoid discovery into certain inventors or remove certain allegedly infringing products from the case.<br><br>Courts recognize the value Claim Construction can have in narrowing the case. For example, consistent with Defendants' proposal, Judge Albright's Standard Order Governing Proceedings delays general discovery until after the Markman Hearing. *See* Standard Order Governing Proceedings |

| | |
|---|---|
| Plaintiff is willing to compromise to a 105 hour time limit of total deposition testimony. However, the Federal Rules of Civil Procedure do not provide the additional limitations that Defendants propose, and Plaintiff cannot agree to waive further rights to which it is entitled. It is unreasonable for Defendants to impose arbitrary limitations concerning how many deposition hours Plaintiff may expend for third parties and each "Defendant Group."<br><br>**PLAINTIFF'S PROPOSAL 9.3:**<br><br>Plaintiff believes that a requirement to log privileged materials created after the time at which litigation was anticipated would be unduly burdensome and disproportional to the needs of the case for the same reason why parties regularly stipulate to not log privileged materials after the commencement of litigation. | (OGP) 4.1—Patent Cases at 3.[5] Plaintiff suggests the Court should deviate from the OGP because it requires defendants to produce technical documents and software showing the operation of the accused products contemporaneous with defendants' invalidity contentions. This schedule contemplates a similar initial document production, which is another reason the Court should follow the procedure outlined in the OGP on this issue. *See* ¶ 6 *supra*.<br><br>**DEFENDANTS' PROPOSAL 9.2:**<br><br>Rule 30 of the Federal Rules of Civil Procedure provides for a default of ten depositions per side, for a maximum of seven hours each. Defendants were willing to compromise and allow Plaintiff to have additional deposition time, but it is not reasonable for the Plaintiff to attempt to reserve the right to take 105 hours of deposition of a single defendant. This would be unduly burdensome and disruptive to Defendants' businesses.<br><br>**DEFENDANTS' PROPOSAL 9.3:**<br><br>Plaintiff should not be allowed to avoid logging documents beginning at a date that Plaintiff unilaterally decides it was in anticipation of litigation. There may be many relevant documents related to, for example, the valuation of the patents-in-suit that Plaintiff will attempt to avoid producing pursuant to claims of privilege and work product. Defendants have the right to a |

---

[5] https://www.txwd.uscourts.gov/wp-content/uploads/Standing%20Orders/Waco/Albright/Standing%20Order%20Governing%20Proceedings%20Patent%20Cases%20041422.pdf

|  | privilege log that will allow them to adequately assess Plaintiff's claims. Plaintiff has not provided any authority that would allow it to avoid providing a privilege log for the time before this case began, and it has not provided any explanation of why the burden of producing this privilege log would be specifically disproportionate in this case. |
|---|---|

10. Absent a showing of good cause, the parties agree they shall not be required to conduct a general search and production of email or other electronically stored information (ESI) related to email (such as metadata). If a party believes targeted email/ESI discovery is necessary, it shall propose a procedure identifying custodians and search terms it believes the opposing party should search. The opposing party can oppose or propose an alternate plan. If the parties cannot agree, they shall contact the Court to discuss their respective positions.

11. By **June 13, 2024 or 90 days after the Court enters its Claim Construction Order, whichever is later**, the parties shall conduct a meet and confer to discuss significantly narrowing the number of claims asserted and prior art references at issue. Unless the parties agree to the narrowing, they are ordered to contact the Court's Law Clerk to arrange a teleconference with the Court to resolve the disputed issues.

12. The parties shall complete all fact discovery on or before **July 11, 2024 or 120 days after the Court enters its Claim Construction Order, whichever is later**.

13. The parties shall file all motions to amend or supplement pleadings or to join additional parties on or before **July 24, 2024 or 130 days after the Court enters its Claim Construction Order, whichever is later**.

14. All parties shall exchange burden of proof expert reports (Federal Rule of Civil Procedure 26(a)(2)(B)) on or before **August 9, 2024 or 150 days after the Court enters its Claim Construction Order, whichever is later.** The parties shall exchange rebuttal expert reports (Federal Rule of Civil Procedure 26(a)(2)(B)) on or before **September 18, 2024 or 190 days** after the Court enters its Claim Construction Order, whichever is later.

15. The parties shall complete all expert discovery on or before **October 18, 2024 or 220 days** after the Court enters its Claim Construction Order, whichever is later.

16. By **November 1, 2024 or 14 days** after the close of expert discovery, whichever is later, the parties shall conduct the second of two meet and confers to discuss narrowing the number of claims asserted and prior art references at issue to triable limits. To the extent it helps the parties determine these limits, the parties are encouraged to contact the Court's Law Clerk for an estimate of the amount of trial time anticipated per side. The parties shall file a joint report within 5 business days regarding the results of the meet and confer.

17. Any objections to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, filed on or before **November 18, 2024 or 30 days** after the close of expert discovery, whichever is later.

18. All dispositive motions shall be filed on or before **November 18, 2024 or 30 days** after the close of expert discovery, whichever is later, and shall be limited to 40 pages total per [PLAINTIFF'S PROPOSAL 18.1: side, with no more than 20 pages per motion pursuant to Local Rule CV-7(c) / DEFENDANTS PROPOSAL 18.1: Defendant Group]. Responses thereto shall be filed and served on all other parties 30 days after opening dispositive motions are served, and shall be limited to 40 pages total per

[PLAINTIFF'S PROPOSAL 18.2: side, with no more than 20 pages per motion pursuant to Local Rule CV-7(c) / DEFENDANTS PROPOSAL 18.2: Defendant Group]. Any replies shall be filed and served on all other parties three weeks after responses to dispositive motions are served and shall be limited to 20 pages per [PLAINTIFF'S PROPOSAL 18.3: side, with no more than 10 pages per motion pursuant to Local Rule CV-7(c) / DEFENDANTS PROPOSAL 18.3: Defendant Group]. If the parties elect not to file dispositive motions, they must contact the courtroom deputy on or before this deadline in order to set a trial date.

| The parties disagree on the contents of this paragraph. The parties provide their respective positions for judicial resolution. ||
|---|---|
| **PLAINTIFF'S PROPOSAL 18.1–18.3:** To conserve judicial resources, conserve party resources, and to crystalize the dispute, each brief should be filed on behalf of each side. Defendants' proposal is unreasonable because it would burden the Court with at least 200 pages of motion briefing. The page limitations Plaintiff provides is consistent with and applies Local Civil Rule CV-7. | **DEFENDANTS' PROPOSAL 18.1-18.3:** Qualcomm and Arteris are unrelated entities that sell different products to different customers. As stated above, given the differences in these products, Qualcomm believes these cases should not be tried together. The infringement and damages theories related to Qualcomm and Arteris will be substantially different and will require separate analysis.<br><br>Moreover, Plaintiff has alleged that more than 180 different Qualcomm integrated circuits infringe the six patents-in-suit, and has alleged these products infringe the patents-in-suit in many different ways, including when they are incorporated in a variety of different types of end products including smartphones, cameras, and automotive products.<br><br>It is not reasonable for Plaintiff to suggest Arteris and Qualcomm should be effectively limited to a single dispositive motion brief. Instead, Arteris and Qualcomm must both be |

|  | allowed to file their own dispositive motions before trial to ensure the parties are trying the claims and defenses that are relevant to each Defendant. |
|---|---|

19. The hearing on dispositive motions will be set by the Court after all responses and replies have been filed.

20. The trial date will be determined at a later date by the Court. The parties shall consult Local Rule CV-16(e)-(g) regarding matters to be filed in advance of trial. At the time the trial date is set, the Court will also set the deadline for the filing of matters in advance of trial.

Date: August 3, 2023                                  Respectfully submitted,

                                                                   */s/ William E. Davis, III*

William E. Davis, III
Ty Wilson
**DAVIS FIRM PC**
213 N. Fredonia Street, Suite 230
Longview, TX 75601
(903) 235-2588
bdavis@davisfirm.com
twilson@davisfirm.com

Daniel S. Stringfield
**NIXON PEABODY LLP**
70 West Madison St., Suite 5200
Chicago, IL 60602
(312) 977-4130
dstringfield@nixonpeabody.com
nst@nixonpeabody.com

Erica J. Van Loon
Vincent Capati
**NIXON PEABODY LLP**
300 S. Grand Avenue, Suite 4100

Los Angeles, CA 90071
(213) 629-6000
evanloon@nixonpeabody.com
vcapati@nixonpeabody.com

David R. Kocan
**NIXON PEABODY LLP**
One Embarcadero Center, 32nd Floor
San Francisco, CA 94111
(415) 984-8282
dkocan@nixonpeabody.com

*Attorneys for Plaintiff Network System Technologies, LLC*

/s/ J. Derek Vandenburgh

Deron R. Dacus
**THE DACUS FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
(903) 705-1117
ddacus@dacusfirm.com

J. Derek Vandenburgh
Joseph W. Winkels
Caroline L. Marsili
Nathan D. Louwagie
**CARLSON, CASPERS, VANDENBURGH, & LINDQUIST, PA**
225 South Sixth Street, Suite 4200
Minneapolis, MN 55402
(612) 436-9600
dvandenburgh@carlsoncaspers.com
jwinkels@carlsoncaspers.com
cmarsili@carlsoncaspers.com
nlouwagie@carlsoncaspers.com

*Attorneys for Defendants Qualcomm Incorporated and Qualcomm Technologies, Inc.*

/s/ John Michael Guaragna

John Michael Guaragna
**DLA PIPER LLP (US)**
303 Colorado Street, Suite 3000
Austin, TX 78701
(512) 457-7125
john.guaragna@dlapiper.com

Mark D. Fowler
Carrie L. Williamson
Alan A. Limbach
Marinna C. Radloff
**DLA PIPER LLP (US)**
2000 University Avenue
East Palo Alto, CA 94303-2214
(650) 833-2000
mark.fowler@us.dlapiper.com
carrie.williamson@us.dlapiper.com
alan.limbach@dlapiper.com
marinna.changradloff@us.dlapiper.com

*Attorneys for Defendant Arteris, Inc..*