IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**FILED**

August 31, 2023

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____LRT_____

DEPUTY

| | | |
|---|---|---|
| NETWORK SYSTEM TECHNOLOGIES, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 1:22-cv-1331-DAE |
| QUALCOMM INCORPORATED; QUALCOMM TECHNOLOGIES, INC.; ARTERIS, INC., | § § § § | |
| Defendants. | § § | |

## STIPULATED PROTECTIVE ORDER

In order to expedite the flow of discovery materials, facilitate the prompt resolution of disputes over confidentiality of discovery materials, adequately protect information the parties are entitled to keep confidential, ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, the parties have agreed to be bound by the terms of this Protective Order ("Order") in this action. Accordingly, pursuant to Fed. R. Civ. P. 26(c), it is hereby ORDERED THAT:

## I.    DEFINITIONS

1.    "Confidential" Material: Confidential information (regardless of how generated, stored, or maintained) or tangible things that include or incorporate confidential information, that a Party (i) would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence, including but not limited to non-public trade secrets or other confidential research, development, or commercial information that contains information that is

non-public and proprietary or sensitive from a commercial or financial perspective, (ii) believes in good faith is sensitive, or (iii) reasonably believes to be protected by a right to privacy under foreign, federal or state law, or data protection law, or any other applicable privilege or right related to confidentiality or privacy.  Confidential Material includes all information, documents, Source Code, and things produced, served, or otherwise provided in this action by any Party, that include or incorporate confidential information.

2.    "Highly Confidential Material – Outside Attorneys' Eyes Only" material: Confidential Material, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

3.    "Source Code": means human-readable representations of actually completed, implemented, and/or realized software, firmware, and integrated circuits.  Source Code includes, but is not limited to, programming language text, symbolic representations of integrated circuits ("Chip-Level Schematics") or graphical depictions of physical configuration of semiconductor material within integrated circuit die or chip ("Integrated Circuit Layouts"), as well as register-transfer level abstraction files ("RTL Files") and transaction-level modeling files ("TLM Files"). Source Code includes, but is not limited to, programming language text in "C," "C++," SystemC, BREW, Java ME, J2ME, assembler, digital signal processor ("DSP"), CRDL, Cirrus, Hardware Design Language ("HDL"), VHDL, or Verilog programming languages. Source Code in the form of programming language text shall be made available for inspection in ASCII text files.  File formats within which Source Code in the form of Chip-Level Schematics or Integrated Circuit Layouts may be made available for inspection include, but are not limited to, pdf file format.

4.    "Highly Confidential – Source Code-Outside Attorneys' Eyes Only": Confidential Material that includes Source Code.

5.      "Designated Confidential Material": Material that has been Designated as "Confidential," "Highly Confidential – Source Code-Outside Attorneys' Eyes Only" or "Highly Confidential Material – Outside Attorneys' Eyes Only" pursuant to the above definitions.

6.      "Personnel Retained by a Receiving Party in this Action" means any consultants, experts, or outside counsel (including their support staff) that have been and continue to be retained by a Receiving Party in this action.  For the sake of clarity, any person who was retained by a Receiving Party in this action will no longer fall under this definition if that person ceases to be retained by a Receiving Party in this action.

7.      "Party" means any Party to the above-captioned action, including all of its officers, directors, employees, consultants, retained experts, and all support staff thereof.

8.      "Producing Party" means a party or non-party that discloses or produces material in the above-captioned action.

9.      "Receiving Party" means a Party that receives material from a Producing Party in the above-captioned actions.

10.     "Authorized Reviewer(s)" shall mean persons authorized to review Designated Confidential Material in accordance with this Protective Order.

11.     "Counsel of Record":  (i) Outside Counsel who appears on the pleadings, or has entered an appearance in this action, as counsel for a Party, and (ii) partners, principals, counsel, associates, employees, and contract attorneys of such Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation, including supporting personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters.

12.     "Outside Consultant":  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by Counsel of Record to serve as an expert witness or a litigation consultant in this action (including any necessary support personnel of such person to whom disclosure is reasonably necessary for this litigation), and who is not a current employee of a Party, or a competitor of a Party, and who, at the time of retention, is not anticipated to become an employee of, or a non-litigation consultant of:  (1) a Party or (2) a competitor of a Party.

13.     "Professional Vendors":  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; designing and preparing exhibits, graphics, or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors who have been retained or directed by Counsel of Record in this action, and who are not current employees of a Party, a competitor of a Party, and who, at the time of retention, are not anticipated to become employees of: (1) a Party or (2) a competitor of a Party. This definition includes ESI vendors, professional jury or trial consultants retained in connection with this litigation to assist a Party, Counsel of Record, or any Outside Consultant in their work. Professional vendors do not include consultants who fall within the definition of Outside Consultant.

## II.     SCOPE

14.     The protections conferred by this Protective Order cover not only Designated Confidential Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof.  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure or any applicable local rules or Court Orders.

15.     This Protective Order shall apply to all Designated Confidential Material that is produced or provided for inspection in this action, including without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations.

## III.    ACCESS TO DESIGNATED MATERIAL

16.     Access to material designated Confidential:  Unless otherwise ordered by the Court or permitted in writing by a Producing Party, a Receiving Party may disclose any information, document or thing designated "Confidential" only to:

    a.     The Parties' in-house counsel, provided that they execute the "Acknowledgement And Agreement To Be Bound By Protective Order Governing Confidential Information In This Case" attached hereto as Exhibit A,  to this Protective Order;

    b.      Counsel of Record;

    c.     The named parties in the Action (including their officers, directors, partners, members, and employees to whom disclosure is reasonably necessary), provided that they execute the "Acknowledgement And Agreement To Be Bound By Protective Order Governing Confidential Information In This Case" attached hereto as Exhibit A,  to this Protective Order;

    d.     Persons who appear on the face of the Confidential material as an author, addressee or recipient thereof, or persons who have been designated under FRCP 30(b)(6) to provide testimony on behalf of a Producing Party;

    e.     Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this action, and who have, after the date of this Protective Order, signed the "Acknowledgement And Agreement To Be Bound By Protective Order Governing

Confidential Information In This Case" attached hereto as Exhibit A, and the "Certification Of Consultant Re Protective Order Governing Confidential Information In This Case," attached hereto as Exhibit B;

f.      Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the Parties, and his or her staff;

g.      Court reporters and videographers employed in connection with this action;

h.      Professional Vendors to whom disclosure is reasonably necessary for this action;

i.      The Court, its personnel, and the jury.

17.      Access to "Highly Confidential Material – Outside Attorneys' Eyes Only" material: Unless otherwise ordered by the Court or permitted in writing by a Producing Party, a Receiving Party may disclose any information, document or thing designated "Highly Confidential Material – Outside Attorneys' Eyes Only" only to:

a.      Persons who appear on the face of the "Highly Confidential Material – Outside Attorneys' Eyes Only" material as an author, addressee or recipient thereof, or persons who have been designated under FRCP 30(b)(6) to provide testimony on behalf of a Producing Party;

b.      Counsel of Record;

c.      Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this action, and who have, after the date of this Protective Order, signed the "Acknowledgement And Agreement To Be Bound By Protective Order Governing Confidential Information In This Case" attached hereto as Exhibit A, and the "Certification Of

Consultant Re Protective Order Governing Confidential Information In This Case," attached hereto as Exhibit B, subject to the further restrictions set forth below in Paragraphs 22, 23, and 31;

        d.      Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the Parties, and his or her staff; who have, after the date of this Protective Order, signed the "Acknowledgement And Agreement To Be Bound By Protective Order Governing Confidential Information In This Case" attached hereto as Exhibit A, and the "Certification Of Consultant Re Protective Order Governing Confidential Information In This Case," attached hereto as Exhibit B, as well as any arbitrator's or mediator's staff who have also signed Exhibits A and B;

        e.      Court reporters and videographers employed in connection with this action;

        f.      Professional Vendors to whom disclosure is reasonably necessary for this action;

        g.      The Court, its personnel, and the jury.

18.    Access to "Highly Confidential – Source Code-Outside Attorneys' Eyes Only-Source Code Material":  Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a Receiving Party may disclose any information, document, or thing designated "Highly Confidential – Source Code-Outside Attorneys' Eyes Only-Source Code Material" only to:

        a.      Persons who appear on the face of the Material as an author, addressee or recipient thereof, or persons who have been designated under FRCP 30(b)(6) to provide testimony of behalf of a Producing Party regarding the same;

        b.      Counsel of Record;

c.      Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation, and who have, after the date of this Supplemental Protective Order, signed the "Acknowledgement And Agreement To Be Bound By Protective Order Governing Confidential Information In This Case" attached hereto as Exhibit A, and the "Certification Of Consultant Re Protective Order Governing Confidential Information In This Case," attached hereto as Exhibit B, subject to the further restrictions set forth below in Paragraphs 22, 23, and 31;

d.      Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the Parties, and his or her staff; who have, after the date of this Protective Order, signed the "Acknowledgement And Agreement To Be Bound By Protective Order Governing Confidential Information In This Case" attached hereto as Exhibit A, and the "Certification Of Consultant Re Protective Order Governing Confidential Information In This Case," attached hereto as Exhibit B, as well as any arbitrator's or mediator's staff who have also signed Exhibits A and B;

e.      Court reporters and videographers employed in connection with this action;

f.      Professional Vendors to whom disclosure is reasonably necessary for this action, and a representative of which has signed the "Acknowledgement And Agreement To Be Bound By Protective Order Governing Confidential Information In This Case" attached hereto as Exhibit A;

g.      The Court, its personnel, and the jury.

19.     Each person to whom Designated Confidential Material may be disclosed, and who is required to sign the "Acknowledgement And Agreement To Be Bound By Protective Order Governing Confidential Information In This Case" attached hereto as Exhibit A and, if applicable,

the "Certification Of Consultant Re Protective Order Governing Confidential Information In This Case," attached hereto as Exhibit B, shall do so, prior to the time such Designated Confidential Material is disclosed to him or her.  Counsel for the Receiving Party who makes any disclosure of Designated Confidential Material shall retain each original executed certificate and, upon written request, shall provide copies to counsel for the Producing Party at the termination of this action.

20.    Absent written permission from the Producing Party, persons not permitted access to Designated Confidential Material under the terms of this Protective Order shall not be present at depositions while Designated Confidential Material is discussed or otherwise disclosed.  Pre-trial and trial proceedings shall be conducted in a manner, subject to the supervision of the Court, to protect Designated Confidential Material from disclosure to persons not authorized to have access to such designated Confidential Material.  Any Party intending to disclose or discuss Designated Confidential Material at pretrial or trial proceedings must give advance notice to the Producing Party to assure the implementation of the terms of this Protective Order.

## IV.    ACCESS BY OUTSIDE CONSULTANTS

21.    **Notice.**  If a Receiving Party wishes to disclose Designated Confidential Material to any Outside Consultant, the Receiving Party must, prior to the Outside Consultant being granted access to any Designated Confidential Material, provide written notice to counsel for the Producing Party, which notice shall include:  (a) the individual's name and business title; (b) country of citizenship; (c) business address; (d) business or profession; (e) the individual's CV; (f) any previous or current relationship (personal or professional) with any of the Parties to this action; (g) a list of other cases in which the individual has testified (at trial or deposition) within the last six years; (h) a list of all companies with which the individual has consulted or by which the individual has been employed within the last four years, the dates of the consultancy or employment, a brief description of the subject matter of the consultancy or employment, and (i)

copies of the "Acknowledgement and Agreement To Be Bound By Protective Order Governing Confidential Information In This Case," attached as Exhibit A, and the "Certification Of Consultant Re Protective Order Governing Confidential Information In This Case," attached hereto as Exhibit B, that have both been signed by that Outside Consultant.

22.    **Objections.**  With respect to Outside Consultants that have not been previously disclosed to the Producing Party, the Producing Party shall have five (5) business days, starting from the first business day following the date upon which the Receiving Party provides the notice and all information required by Paragraph 22 to the Producing Party, to object for good cause in writing to such disclosure via e-mail to all Counsel of Record. After the expiration of the 5 business days, if no objection for good cause has been asserted by the Producing Party, Designated Confidential Material may be disclosed to the Outside Consultant pursuant to the terms of this Protective Order.  Any objection by the Producing Party must be made for good cause, and must set forth in detail the grounds on which it is based.  Should the Receiving Party disagree with the basis for the objection(s), the Receiving Party must first attempt to resolve the objection(s) with the Producing Party via a verbal meet and confer.  If the meet and confer efforts do not resolve the dispute within five (5) business days from the date upon which the Receiving Party was first notified of any objection for good cause by the Producing Party, the parties shall raise the dispute with the Court using the discovery dispute procedures as set forth in the Scheduling Order.  The Producing Party shall have the burden of proof on the issue of the sufficiency of the objection(s). Pending a ruling by the Court upon any such objection(s), or the subsequent resolution of the objection for good cause by the Receiving Party and the Producing Party, Designated Confidential Material shall not be disclosed to the person objected to by the Producing Party.

**V.    PRODUCTION OF SOURCE CODE**

23.    Producing Party's Source Code:

a.      To the extent that a Producing Party makes Source Code available for inspection by a Receiving Party:

i.      The Producing Party shall make all relevant and properly requested Source Code available electronically and in text searchable form at the offices of Counsel of Record for the Producing Party or at a secure facility approved by the Producing Party.  The Producing Party shall make the Source Code available for inspection on a stand-alone, non-networked personal computer running a reasonably current version of the Microsoft Windows operating system ("Source Code Computer").  Alternatively, solely at the option of the Producing Party, the Producing Party may make such source code available on a Source Code Computer that is networked, in a configuration deemed secure by the Producing Party.  The Source Code Computer shall be configured to permit review of the Source Code through a password-protected account having read-only access. To facilitate review of the Source Code at the secure facility, the Receiving Party may use appropriate tool software on the Source Code Computer, which shall be installed by the Producing Party, including at least one text editor like Visual Slick Edit that is capable of printing out Source Code with page and/or line numbers, a source code comparison tool like Winmerge, and at least one multi-text file text search tool such as "grep."  Should it be necessary, other mutually agreed upon tools may be used. Licensed

11

copies of other mutually agreed upon tool software shall be installed on the Source Code Computer by the Producing Party and paid for by the Receiving Party.

ii.    In the event a Producing Party makes Chip-Level Schematics or Integrated Circuit Layouts available for review, the Producing Party shall ensure that the Source Code Computers include software sufficient to allow a user to view such types of Source Code.

b.    The Producing Party shall provide access to the Source Code Computer during the normal operating hours of the office of Counsel of Record or the secure facility.

c.    The Source Code Computers shall be equipped to print PDF copies of the Source Code so that the Receiving Party can designate the Source Code for which it would like hard-copy printouts which shall be printed by the Producing Party on watermarked pre-Bates numbered paper after the review.  The Receiving Party may request a reasonable number of pages of Source Code to be printed.  A reasonable number of pages means no more than 500 pages of Source Code, on 8.5" x 11" paper with a font no smaller than Courier 12-point.  The parties agree to negotiate printing beyond these page limits in good faith, should the need arise.  Counsel for the Producing Party will keep the original printouts, and shall provide copies of such original printouts to counsel for the Receiving Party within five (5) days of (1) any request by the Receiving Party, or (2) otherwise being notified that such original printouts have been made or designated.  Counsel of Record for the Receiving Party may request up to 10 copies of each original printout of Source Code. No more than 500 original printouts of Source Code for any software release or hardware product may be in printed form at any one time, without the express written consent of the Producing Party, which shall not be unreasonably denied.  All printed Source Code shall be logged

by the Receiving Party's Counsel of Record and/or other Personnel Retained by a Receiving Party in this action as noted in subparagraph 24(i) below. No additional electronic copies of the Source Code shall be provided by the Producing Party. Hard copies of the Source Code also may not be converted into an electronic document, and may not be scanned using optical character recognition ("OCR") technology. Only printouts of Source Code may be made, and such printouts, where made of programming language text, must include (1) directory path information and filenames from which the Source Code came and (2) line numbers. The Producing Party may refuse to provide copies of Source Code printouts that fail to comply with this section.

d.      Authorized Reviewer(s) in this action shall not print Source Code which have not been reviewed on the Source Code Computer, or in order to review the Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the Source Code Computer, as the Parties acknowledge and agree that the purpose of the protections herein would be frustrated by such actions.

e.      Authorized Reviewer(s) are prohibited from bringing outside electronic devices, including but not limited to laptops, floppy drives, zip drives, or other hardware into the secure room, except as outlined in subparagraph 23(f). Nor shall any cellular telephones, personal digital assistants (PDAs), Blackberries, cameras, voice recorders, Dictaphones, external or portable telephone jacks or other outside electronic devices be permitted inside the secure room, except for medical devices, implants, or equipment reasonably necessary for any legitimate medical reason.

f.      If any Authorized Reviewer(s) reviewing Source Code seeks to take notes, all such notes will be taken on bound (spiral or other type of permanently bound) notebooks. No loose paper or other paper that can be used in a printer may be brought into the secure room. In

addition to taking notes on bound notebooks, an Authorized Reviewer may also bring a USB memory device to the secure room, to be inserted into a separate notetaking laptop computer provided by the Producing Party or the Producing Party's vendor.  The notetaking laptop computer shall be configured with Microsoft Word, such that the Reviewing Party can create or modify documents directly on the USB memory device plugged into the notetaking laptop computer.  The Receiving Party shall encrypt any file on the USB memory device that contains confidential material subject to this Protective Order using Microsoft Word's "Encrypt with Password" functionality accessible through the File->Info->Protect Document menu in Microsoft Word.  The Receiving Party's Outside Counsel and/or experts may not copy the Source Code into the notes and may not take such notes electronically on the Source Code Computer itself. Unless otherwise agreed in advance by the Parties in writing, following each day on which inspection is done under this Order, the Receiving Party's Outside Counsel and/or experts shall remove all notes, documents, USB memory devices, and all other materials from the Source Code Review Room. The Producing Party shall not be responsible for any items left in the room following each inspection session, and the Receiving Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect.

g.    If Source Code is quoted or set forth in a confidential pleading or expert report, the Party including the Source Code will limit the amount of such Source Code to what is reasonably necessary for the party to make its point and will designate such documents "Highly Confidential – Source Code-Outside Attorneys' Eyes Only."  Absent the Producing Party's consent (which will not be unreasonably withheld), an excerpt of programming language text will not exceed five (5) continuous lines of code, and an excerpt of Chip-Level Schematics or Integrated Circuit Layouts will not exceed five (5) sequential pages of printouts of such material.

Except as approved by the Producing Party in writing, longer excerpts shall not be copied for use in court documents but shall be referred to by citation to production page numbers and lines. A Receiving Party may not submit copies of Source Code as part of a Court document or exhibit thereto.  Source Code must be submitted *in camera* only.  Instead, a Receiving Party wishing to refer to Source Code in Court documents shall use pin cites to Source Code material submitted *in camera.*  In the event copies of Source Code printouts are used as exhibits in a deposition or trial, printouts shall not be provided to the court reporter, and the further copies of the original Source Code printouts made for the deposition or trial shall be destroyed at the conclusion of the deposition or trial.  The original copies of deposition exhibits designated "Highly Confidential – Source Code-Outside Attorneys' Eyes Only" be maintained by the deposing party under the terms set forth in this Protective Order.

h.    In addition to other reasonable steps to maintain the security and confidentiality of Source Code, printed copies of the Designated Source Code Material maintained by the Receiving Party must be kept in a locked storage container when not being actively reviewed or otherwise being transferred as permitted by this Protective Order.

i.    The Receiving Party's Counsel of Record shall keep log(s) recording the identity of each individual to whom each hard copy of each Producing Party's Source Code is provided and when it was provided to that person in the first instance, and within thirty (30) days after the issuance of a final, non-appealable decision resolving all issues in this action, the Receiving Party must serve upon the Producing Party the log.  In addition, any Outside Consultants of the Receiving Party to whom the paper copies of the Source Code were provided must certify in writing that all copies of the Source Code were destroyed or returned to the counsel who

provided them the information and that they will make no use of the Source Code, or of any knowledge gained from the source code in any future endeavor.

## VI.    PROCEDURE FOR DESIGNATING MATERIALS

24.    Subject to the limitations set forth in this Protective Order, a Producing Party may: designate material as "Confidential," "Highly Confidential – Source Code-Outside Attorneys' Eyes Only" or "Highly Confidential Material – Outside Attorneys' Eyes Only" information that they believe, in good faith, meets these definitions.

25.    Designation in conformity with this Protective Order shall be made as follows:

a.    <u>For information in documentary (including "electronically stored information") form (apart from transcripts of depositions or other pretrial or trial proceedings)</u>: Defendants shall affix the legend "Confidential," "Highly Confidential – Source Code-Outside Attorneys' Eyes Only" or "Highly Confidential Material – Outside Attorneys' Eyes Only" conspicuously on each page of documents that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the Receiving Party has indicated which material it would like copied or produced.  Before and during the inspection, all material made available for inspection shall be deemed "Highly Confidential Material – Outside Attorneys' Eyes Only." After the Receiving Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Order and, before producing the specified documents, the Producing Party must affix the appropriate legend to each page of documents that contain Designated Confidential Material.

b.    <u>For Testimony Given in Deposition:</u>    For deposition transcripts, the Producing Party shall specify any portions of the testimony that it wishes to designate, by line and page number, no later than 20 business days after the final transcript of the deposition has been

received.  The Party or Non-Party may identify the entirety of the transcript as "Confidential," "Highly Confidential – Source Code-Outside Attorneys' Eyes Only" or "Highly Confidential Material – Outside Attorneys' Eyes Only," but all deposition transcripts not designated during the deposition will nonetheless be treated as "Highly Confidential – Source Code-Outside Attorneys' Eyes Only" or "Highly Confidential Material – Outside Attorneys' Eyes Only" until the time within which it may be appropriately designated as provided for herein has passed.  Any Designated Confidential Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Designated Confidential Material.  In such cases, the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.  Transcript pages containing Designated Confidential Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "Confidential," "Highly Confidential – Source Code-Outside Attorneys' Eyes Only" or "Highly Confidential Material – Outside Attorneys' Eyes Only." A copy of deposition transcripts containing Designated Confidential Material made pursuant to this paragraph may be hosted electronically by the Receiving Party as provided in Paragraph 32, however, all other restrictions in this Protective Order pertaining to Designated Source Code Material apply.  In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential or outside counsel eyes only confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative protective orders in this matter or pursuant to written stipulation of the parties."  Counsel for any Producing Party shall have the

right to exclude from oral depositions, other than the deponent, deponent's counsel, and the reporter and videographer (if any), any person who is not authorized by the Protective Orders in this action to receive or access Designated Confidential Material based on the designation of such Designated Confidential Material.

        c.      <u>For information produced in some form other than documentary, and for any other tangible items,</u> the Producing Party shall affix, in a prominent place on the exterior of the medium, container or containers in which the information or item is stored, the appropriate legend.

        d.      The provisions of subparagraphs 26(a)-(c) do not apply to documents produced in native format.  For documents produced in native format, the Producing Party shall include the appropriate confidentiality designation in the filename, as well as on any slip sheet accompanying the production.  Any printed or PDF-ed copies of such designated documents shall be marked by the Receiving Party at the time of printing/PDF-ing with the appropriate confidentiality designation to ensure appropriate protection.

## VII.    USE OF DESIGNATED CONFIDENTIAL MATERIAL

        26.      Use of Designated Confidential Material By Receiving Party:  Unless otherwise ordered by the Court, or agreed to in writing by Defendants, all Designated Confidential Material, and all information derived therefrom, shall be used by the Receiving Party only for purposes of this action, and shall not be used in any other way, or for any other purpose, including the acquisition, preparation or prosecution before the Patent Office of any patent, patent application, for drafting or revising patent claims, or in connection with patent licensing or product development work directly or indirectly intended for commercial purposes related to the particular technologies or information disclosed in the Designated Confidential Material.  Information contained or reflected in Designated Confidential Material shall not be disclosed in conversations,

presentations by parties or counsel, in court or in other settings that might reveal Designated Confidential Material, except in accordance with the terms of this Protective Order.

27.    Use of Confidential Material by Producing Party:  Nothing in this Protective Order shall limit a Producing Party's use of its own documents and information, nor shall it prevent a Producing Party from disclosing its own confidential information, documents or things to any person.  Such disclosure shall not affect any designations made pursuant to the terms of this Protective Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

28.    Use of Designated Confidential Material and Source Code at Deposition:  A Producing Party shall, on request prior to the deposition, make a searchable electronic copy of the Source Code available on a stand-alone computer connected to a printer during depositions of the Producing Party's personnel otherwise permitted access to such Source Code.  To the extent required, the party conducting the deposition may print additional pages of Source Code printouts to be marked as exhibits at such depositions consistent with other provisions and limitations of this Protective Order.  Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all Designated Confidential Material of which such person has prior knowledge.

## VIII.   PROSECUTION AND DEVELOPMENT BAR

29.    Unless otherwise permitted in writing between the Producing Party and the Receiving Party, any individual who personally receives, other than on behalf of the Producing Party, any material designated "Highly Confidential – Source Code-Outside Attorneys' Eyes Only" or non-financial material designated "Highly Confidential Material – Outside Attorneys' Eyes Only" shall not participate in amending, drafting, or otherwise affecting the scope of patent specifications or claims before a Patent Office or agency (whether domestic or foreign) of any

patent or patent application related to the subject matter of the Asserted Patents in this Action, from the time of receipt of such material through one year after the date the individual person(s) provides written notice to the Producing Party that said person ceases to have access to materials designated "Highly Confidential – Source Code-Outside Attorneys' Eyes Only" or "Highly Confidential Material – Outside Attorneys' Eyes Only," as well as any materials that contain or disclose such material, or if access does not cease, one year after termination of a final, non-appealable opinion in the case. For avoidance of doubt, the foregoing provision applies to pending applications. For avoidance of doubt, nothing in the foregoing provision shall prevent an individual who receives such information from participating in a post-grant proceeding related to the Asserted Patents in this Action, except that individual shall not participate in the amendment of any claims.

30.    Unless otherwise permitted in writing between the Producing Party and the Receiving Party, any Outside Consultant retained on behalf of the Receiving Party who is to be given access to the Producing Party's documents or Source Code designated as  "Highly Confidential – Source Code-Outside Attorneys' Eyes Only" or "Highly Confidential Material – Outside Attorneys' Eyes Only" must agree in writing, using the form in Exhibit B, not to perform hardware or software development work or product development work directly or indirectly intended for commercial purposes related to the  information disclosed in the Designated Confidential Material, which is not publicly known, from the time of first receipt of such material through one year after the date the expert consultant provides written notice to the Producing Party that said expert consultant ceases to have access to any material designated Highly Confidential – Source Code-Outside Attorneys' Eyes Only" or "Highly Confidential Material – Outside Attorneys' Eyes Only" as well as any materials that contain or disclose Designated Confidential

Material, or if access does not cease, one year after termination of a final, non-appealable opinion in the case.

## IX.    DESIGNATED CONFIDENTIAL MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

31.    If a Receiving Party is served with a subpoena or a court order that would compel disclosure of any information, documents or things designated in this action as "Confidential," "Highly Confidential – Source Code-Outside Attorneys' Eyes Only" or "Highly Confidential Material – Outside Attorneys' Eyes Only," the Receiving Party must notify the Producing Party of such information, documents or things, in writing (by postal mail and email) promptly, and in no event more than ten (10) calendar days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or order.  The Receiving Party also must immediately inform, in writing, the party who caused the subpoena or order to issue that some or all of the material covered by the subpoena or order is subject to this Protective Order.  In addition, the Receiving Party must provide a copy of this Protective Order promptly to the party in the other action that caused the subpoena or order to be issued.  The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order, and to afford the Party whose Designated Confidential Material in this case is at issue in the other case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Producing Party shall bear the burdens and the expenses of seeking protection in that court of its Designated Confidential Material.  Nothing in these provisions should be construed as authorizing or encouraging any Receiving Party in this action to disobey a lawful directive from another court.

## X.    DATA SECURITY

32.    In addition to the security requirements applicable to production of source code material in Paragraph 23, Receiving Parties must take reasonable precautions to protect Designated

Confidential Material from loss, misuse and unauthorized access, disclosure, alteration and destruction, including but not limited to: (a) material in electronic format shall be maintained in a secure litigation support site(s) that applies standard industry practices regarding data security, including but not limited to application of access control rights to those persons entitled to access Designated Confidential Material under this Order; (b) an audit trail of use and access to litigation support site(s) shall be maintained while this litigation, including any appeals, is pending; (c) any Designated Confidential Material downloaded from the litigation support site(s) in electronic format shall be stored only on encrypted devise(s) (e.g., laptop, tablet, smartphone, thumb drive, portable hard drive, etc.) that are password protected with access limited to Authorized Reviewer(s) and, if the user is unable to password protect and/or encrypt the device, then the Designated Confidential Material shall be password protected and/or encrypted at the file level; and (d) derivations of Designated Confidential Material, including any lists, memorandum, indices or compilations prepared or based on an examination of this material, that quote from or paraphrase such Designated material in a manner that enables it to be identified shall be accorded the same status of confidentiality as the underlying Designated Confidential Material.

## XI.    UNAUTHORIZED    DISCLOSURE    OF    DESIGNATED    CONFIDENTIAL MATERIAL

33.    <u>Unauthorized Disclosure Generally.</u>    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated Confidential Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Confidential Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound By Protective Order Governing

Confidential Information In This Case" that is attached hereto as Exhibit A.  Nothing in these provisions should be construed as limiting any Producing Party's rights to seek remedies for a violation of this Protective Order.

34.    <u>Breach Notification and Cooperation.</u>  If the Receiving Party discovers that an unauthorized person or persons has accessed or obtained the Designated Confidential Material of another Party, the Receiving Party shall:  (1) provide written notice to the Producing Party of such breach within three (3) business days of the Receiving Party's discovery of the breach; (2) investigate and remediate the effects of the breach, and provide the Producing Party with assurance reasonably satisfactory to the Producing Party that such breach shall not recur; and (3) provide sufficient information about the breach that the Producing Party can reasonably ascertain the size and scope of the breach including, but not limited to, the nature of the compromise, the timing of the compromise, the documents compromised, the nature of the unauthorized party, and the data security in place at the time of the compromise.  If required by any judicial or governmental request, requirement, or order to disclose such information, the Receiving Party shall take all reasonable steps to give the Producing Party sufficient prior notice in order to contest such request, requirement, or order through legal means.  The Receiving Party agrees to provide reasonable cooperation to the Producing Party or law enforcement in investigating any such security incident. In any event, the Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access as it deems appropriate in its good faith and reasonable judgment.  If the unauthorized access or disclosure of the Designated Confidential Material requires notice to individuals, organizations, or regulators under applicable law, then the Receiving Party shall follow the reasonable instructions of the Producing Party regarding such notice at the Receiving Party's own cost.

## XII.    NON-PARTIES

35.    A non-party from whom discovery is sought by the parties to this action may designate discovery materials as "Confidential," "Highly Confidential – Source Code-Outside Attorneys' Eyes Only" or "Highly Confidential Material – Outside Attorneys' Eyes Only." Under such circumstances, designated materials are afforded the same protection as discovery materials so designated by a disclosing party, and all duties applicable to a disclosing party under this order shall apply to a non-party designating discovery materials "Confidential," "Highly Confidential – Source Code-Outside Attorneys' Eyes Only" or "Highly Confidential Material– Outside Attorneys' Eyes Only." All obligations applicable to parties receiving such confidential discovery material shall apply to any party receiving confidential discovery material from such non-party.

## XIII.    PRIVILEGE

36.    The procedure for clawback of any Documents shall be governed by the parties Stipulated Order Regarding the Disclosure of Privileged Information.

37.    Notwithstanding the provisions of this Order, Parties may redact from any document, whether Designated Confidential Material or not, any information containing privileged material, attorney work product, or any other data protected from disclosure by State or Federal laws or regulations.

## XIV.    DURATION

38.    Even after the termination of this action, the confidentiality obligations imposed by this Protective Order shall remain in effect following the termination of this action, or until the Parties agree otherwise in writing or a court order otherwise directs.

## XV.    FINAL DISPOSITION

39.    Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days of the termination of all of this action, whether through settlement or final judgment

(including any and all appeals therefrom), each Receiving Party, including Outside Counsel for each Receiving Party, will use commercially reasonable efforts to destroy all material designated "Confidential," "Highly Confidential – Source Code-Outside Attorneys' Eyes Only" or "Highly Confidential Material – Outside Attorneys' Eyes Only" produced by the other Parties in this action and will destroy or redact any such Designated material included in work product, pleadings, motion papers, legal memoranda, correspondence, trial transcripts and trial exhibits admitted into evidence ("derivations") and all reasonably accessible copies thereof. This destruction obligation includes all files on USB memory devices used while inspecting Source Code. Within sixty (60) days of the date of settlement or final judgment, each Party shall serve the other with a certification stating that it, including its Outside Counsel, has complied with its obligations under this paragraph.  With respect to any copy of Designated Confidential Material or derivation thereof that remains on back-up tapes and other disaster storage media of an Authorized Reviewer(s), the Receiving Party shall not be required to delete Designated Confidential Material to the extent the systems are overwritten in the normal course of business, are located in electronic files not reasonable accessible, or where located in archiving and back-up systems where deletion would require more than commercially reasonable efforts. Neither the Authorized Reviewer(s) nor its consultants, experts, counsel or other party acting on its behalf shall make copies of any such information available to any person or otherwise retrieve, access, or use the material for any purpose other than backup or disaster recovery unless compelled by law and, in that event, only after thirty (30) days prior notice to the Producing Party or such shorter period as required by court order, subpoena, or applicable law.

## XVI.  OTHER PROCEEDINGS

40.    By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and

subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "Confidential," "Highly Confidential – Source Code-Outside Attorneys' Eyes Only" or "Highly Confidential Material – Outside Attorneys' Eyes Only" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

SO ORDERED this __31st__ day of __August__, 2023.

Honorable Dustin M. Howell
United States Magistrate Judge

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

NETWORK SYSTEM TECHNOLOGIES, LLC,    )
                                     )
                    Plaintiff,       )
                                     )
            v.                       )    Civil Action No. 1:22-cv-1331
                                     )
QUALCOMM INCORPORATED;               )
QUALCOMM TECHNOLOGIES, INC.;         )
ARTERIS, INC.,                       )
                                     )
                    Defendants.      )
                                     )

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE**
**ORDER GOVERNING CONFIDENTIAL INFORMATION IN THIS CASE**

I, _____ [print or type full name], state:  My

business address is _____;

      1.     My present employer is _____;

      2.     My present occupation or job description is _____;

      3.     I have been informed of and have reviewed the Protective Order (the "Protective

Order") entered in this case, and understand and agree to abide by its terms.  I agree to keep

confidential all information provided to me in the above-captioned case in accordance with the

restrictions in the Protective Order, and to be subject to the authority of the above-captioned

Court in the event of any violation or dispute related to the Protective Order.

      4.     I state under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct.


                                         _____
                                         [Signature]

Executed On_____    _____
                                         [Printed Name]

**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| NETWORK SYSTEM TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:22-cv-1331 |
| | ) | |
| QUALCOMM INCORPORATED; | ) | |
| QUALCOMM TECHNOLOGIES, INC.; | ) | |
| ARTERIS, INC., | ) | |
| Defendants. | ) | |
| | ) | |

**CERTIFICATION OF CONSULTANT RE PROTECTIVE ORDER GOVERNING
CONFIDENTIAL INFORMATION IN THIS CASE**

I, _____ [print or type full name], of

_____ am not an employee of the Party who retained

me or of a competitor of any Party and will not use any information, documents, or things that

are subject to the Protective Order Between Plaintiffs and Defendants (the "Protective Order") in

the above-captioned case, for any purpose other than this litigation.  I agree not to perform

hardware or software development work or product development work intended for commercial

purposes related to the information disclosed in the Designated Confidential Material, from the

time of receipt of such material through and including the date that I cease to have access to any

Designated Confidential Material.  I agree to be subject to the authority of the above-captioned

Court in the event of any violation or dispute related to this Certification.

I state under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

_____
[Signature]

Executed On_____

_____
[Printed Name]