IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**FILED**
October 04, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____ps_____
DEPUTY

| | |
|---|---|
| NETWORK SYSTEM TECHNOLOGIES, LLC, | § § § |
| Plaintiff, | § § § |
| v. | § § |
| QUALCOMM INCORPORATED; QUALCOMM TECHNOLOGIES, INC.; ARTERIS, INC., | § § § § § |
| Defendants. | § § |

Civil Action No. 1:22-cv-1331-DAE

## **SCHEDULING ORDER**

The scheduling recommendations provided by the parties have been reviewed by the Court. Therefore, the following dates are entered to control this case.

1. The parties must mediate this case on or before **Tuesday, June 4, 2024.** and file a report in accordance with Rule 88 after the mediation is completed.

2. Parties asserting claims for relief shall submit a written offer of settlement to opposing parties by **Friday, July 19, 2024**, and each opposing party

shall respond, in writing, on or before **Friday, August 2, 2024**. All offers of settlement are to be private, not filed. The Parties are ordered to retain the written offers of settlement and responses so the Court may use them in assessing attorney's fees and costs at the conclusion of the trial.

3.     The Parties shall file all motions to amend or supplement pleadings or to join additional parties by **Wednesday, July 24, 2024, or 130 days after the Court enters its Claim Construction Order, whichever is later**.

4.     A party seeking to transfer this case to a different venue shall file such a motion by **Thursday, April 27, 2023**. After this deadline, movants must seek leave of Court and show good cause for delay. For pending inter-district venue transfer motions, the moving party shall provide the Court with a status report with respect to whether the motion(s) have been fully briefed and are ready for resolution no later than four weeks prior to the date of the Markman hearing that is scheduled in this case.

5.     On or before **Friday, May 26, 2023**, parties asserting patent infringement shall serve preliminary patent infringement contentions in the form of claim charts, setting forth where in the accused product(s) each element of the asserted claim(s) of U.S. Patent Nos. 7,366,818; 7,373,449; 7,594,052; 7,769,893; and 8,072,893 are found.[1] On or before **Friday, August 18, 2023**, parties asserting patent infringement shall serve preliminary patent infringement contentions in the form of claim charts, setting forth where in the accused product(s) each element of the asserted claim(s) of U.S. Patent No. 8,086,800 are found.[2] On or before **Thursday, June 1, 2023**, Plaintiff shall (i) identify the priority date for each asserted claim; (ii)

---

[1] Until the deadline to serve Final Contentions in paragraph 6 below, the Parties may amend preliminary infringement contentions and invalidity contentions without leave of court so long as counsel certifies that it undertook reasonable efforts to prepare their contentions and the amendment is based on material identified after those preliminary infringement or invalidity contentions were served, and should do so seasonably upon identifying any such material. Any amendment to add patent claims requires leave of Court so that the Court can address any scheduling issues.
[2] *See* footnote 1, *supra*.

produce all documents on which it intends to rely to establish conception, reduction to practice, and diligence and shall identify these documents; and (iii) produce a copy of the file history for each patent in suit.

      6.      On or before **Friday, September 22, 2023**, parties asserting patent invalidity of any of the patents-in-suit shall serve preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under §101. The § 101 contention shall (1) identify the alleged abstract idea, law of nature, or natural phenomenon in each challenged claim; (2) identify each claim element alleged to be well-understood, routine, or conventional; and (3) to the extent not duplicative of §§ 102/103 prior art contentions, prior art for the contention that claim elements are well-understood, routine, or conventional. The Parties shall also produce all prior art referenced in the invalidity contentions.

      7.      The following deadlines shall apply to claim construction proceedings in this case:

      a.      On **Friday, August 4, 2023**, the Parties shall concurrently exchange their lists of proposed terms for construction each party believes should be construed by the Court for U.S. Patent Nos. 7,366,818; 7,373,449; 7,594,052; 7,769,893; and 8,072,893, including any claim element a party contends should be governed by 35 U.S.C. § 112 ¶ 6, and any claim term a party believes is indefinite.

      b.      On **Thursday, August 17, 2023**, the Parties shall concurrently exchange proposed constructions for the terms of U.S. Patent Nos. 7,366,818; 7,373,449; 7,594,052; 7,769,893; and 8,072,893.

      c.      By **Thursday, August 31, 2023**, the Parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon

with respect to claim construction or indefiniteness issues that are being raised during the claim construction proceedings for the terms of U.S. Patent Nos. 7,366,818; 7,373,449; 7,594,052; 7,769,893; and 8,072,893. Absent a showing of good cause, all indefiniteness arguments must be raised during claim construction proceedings. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony.[3] With respect to items of extrinsic evidence, the Parties shall identify each such item by production number or produce a copy of any such item if not previously produced.

d. On September 13, 2023 the parties shall concurrently exchange their list of proposed terms for construction each party believes shall be construed by the Court for U.S. Patent No. 8,086,800, including any claim term a party believes is indefinite.

e. On September 14, 2023, the Parties shall concurrently exchange proposed constructions for the terms of U.S. Patent No. 8,086,800.

f. On September 15, 2023, the Parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness issues that are being raised during the claim construction proceedings for the terms of U.S. Patent No. 8,086,800. Absent a showing of good cause, all indefiniteness arguments must be raised during claim construction proceedings. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony.[4] With respect to items of extrinsic evidence, the Parties shall identify each such item by

---

[3] Any party may utilize a rebuttal expert in response to a brief where expert testimony is relied upon by the other party.

[4] Any party may utilize a rebuttal expert in response to a brief where expert testimony is relied upon by the other party.

    production number or produce a copy of any such item if not previously produced.

g. By **Monday, September 18, 2023**, the Parties shall meet and confer to narrow terms in dispute and exchange a revised list of terms and constructions.

h. On **Thursday, October 5, 2023**, Defendants shall file their Joint Opening Claim Construction Brief. The page limit for Defendants' Joint Opening Claim Construction Brief shall be 45 pages, exclusive of the caption, signature block, any certificate, and exhibits. Defendants may file only one Joint Opening Claim Construction Brief on behalf of all Defendants.

i. On **Thursday, November 2, 2023**, Plaintiff shall file its Responsive Claim Construction Brief. The page limit for Plaintiff's Responsive Claim Construction Brief shall be 45 pages exclusive of the caption, signature block, any certificate, and exhibits.

j. On **Thursday, November 16, 2023**, Defendants shall file their Joint Reply Claim Construction Brief. The Joint Reply Claim Construction Brief shall be limited to 25 pages exclusive of the caption, signature block, any certificate, and exhibits. Defendants may file only one Joint Reply Claim Construction Brief on behalf of all Defendants.

k. By **Thursday, November 16, 2023**, the Parties shall jointly email the Court's law clerk to confirm their Claim Construction Hearing date.

l. On **Thursday, November 30, 2023**, Plaintiff shall file its Sur-Reply Claim Construction Brief, which shall be limited to 25 pages exclusive of the caption, signature block, any certificate, and exhibits.

    m.    On **Thursday, December 14, 2023**, the Parties shall submit optional technical tutorials to the Court and technical adviser (if appointed).[5]

    n.    On **Monday, December 18, 2023,** the Parties shall submit a Joint Claim Construction Statement.

    o.    The claim construction hearing shall be held on **Thursday, December 21, 2023 at 9:00 AM**, subject to the Court's discretion and availability.

8.    Plaintiff shall serve final patent infringement contentions **four weeks after** the Court enters its Claim Construction Order, **or on March 21, 2024, whichever is later**. Defendants shall serve their final invalidity contentions **seven weeks after** the Court enters its Claim Construction Order or on **April 4, 2024, whichever is later**. After this date, leave of Court is required for any amendment to infringement or invalidity contentions. These deadlines do not relieve the Parties of their obligation to seasonably and promptly amend if new information is identified after initial contentions.

9.    By **June 13, 2024 or 90 days after the Court enters its Claim Construction Order, whichever is later**, the Parties shall conduct a meet and confer to discuss significantly narrowing the number of claims asserted and prior art references at issue. Unless the Parties agree to the narrowing, they are ordered to contact the Court's Law Clerk to arrange a teleconference with the Court to resolve the disputed issues.

10.    Fact discovery shall open on September 18, 2023. The Parties shall complete all fact discovery on or before **July 11, 2024 or 120 days after the Court enters its Claim Construction Order, whichever is later**. One week after the

---

[5] The Parties should contact the law clerk to request a Box link so that the party can directly upload the file to the Court's Box account.

Court enters this Scheduling Order the Parties shall serve their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).

11. Absent a showing of good cause, the parties agree they shall not be required to conduct a general search and production of email or other electronically stored information (ESI) related to email (such as metadata). If a party believes targeted email/ESI discovery is necessary, it shall propose a procedure identifying custodians and search terms it believes the opposing party should search. The opposing party can oppose or propose an alternate plan. If the parties cannot agree, they shall contact the Court to discuss their respective positions.

12. The Parties shall exchange burden of proof expert reports (Federal Rule of Civil Procedure 26(a)(2)(B)) on or before **August 9, 2024 or 150 days after the Court enters its Claim Construction Order, whichever is later**. The Parties shall exchange rebuttal expert reports (Federal Rule of Civil Procedure 26(a)(2)(B)) on or before **September 18, 2024 or 190 days after the Court enters its Claim Construction Order, whichever is later**.

13. The Parties shall complete all expert discovery on or before **October 18, 2024 or 220 days after the Court enters its Claim Construction Order, whichever is later**.

14. By **November 1, 2024 or 14 days after the close of expert discovery, whichever is later**, the Parties shall conduct the second of two meet and confers to discuss narrowing the number of claims asserted and prior art references at issue to triable limits. To the extent it helps the Parties determine these limits, the parties are encouraged to contact the Court's Law Clerk for an estimate of the amount of trial time anticipated per side. The Parties shall file a joint report within 5 business days regarding the results of the meet and confer.

15.    Any objections to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, filed on or before **November 18, 2024 or 30 days after the close of expert discovery, whichever is later**.

16.    All dispositive motions shall be filed on or before **November 18, 2024 or 30 days after the close of expert discovery, whichever is later**. Responses thereto shall be filed and served on all other parties **30 days after opening dispositive motions are served**. Any replies shall be filed and served on all other parties **three weeks after responses to dispositive motions are served**. If the parties elect not to file dispositive motions, they must contact the courtroom deputy on or before this deadline in order to set a trial date. The parties agree that motions to sever this matter such that NST's claims against Qualcomm and Arteris shall be brought in separate trials may be filed at any time through this deadline.

17.    The hearing on dispositive motions will be set by the Court after all responses and replies have been filed.

18.    The trial date will be determined at a later date by the Court. The Parties shall consult Local Rule CV-16(e)-(g) regarding matters to be filed in advance of trial. At the time the trial date is set, the Court will also set the deadline for the filing of matters in advance of trial.

IT IS SO ORDERED
Date: October 4, 2023

_____
DAVID A. EZRA
SENIOR U.S. DISTRICT JUDGE