UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| NETWORK SYSTEM TECHNOLOGIES, LLC,<br>*Plaintiff*<br><br>v.<br><br>QUALCOMM INCORPORATED, QUALCOMM TECHNOLOGIES, INC., QUALCOMM GLOBAL TRADING PTE LTD., QUALCOMM CDMA TECHNOLOGIES ASIA-PACIFIC PTE LTD., AND ARTERIS, INC.,<br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§  No.  1:22-CV-01331-DAE<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

# ORDER

Defendants Qualcomm Incorporated, Qualcomm Technologies, Inc., Qualcomm CDMA Technologies Asia-Pacific PTE Ltd., and Qualcomm Global Trading PTE Ltd. (collectively and individually "Qualcomm") moved to compel Plaintiff Network System Technologies, LLC ("NST") to supplement its preliminary infringement contentions. Dkt. 236.[1] The District Judge referred the motion to the undersigned for resolution. After considering the parties' filings, the record as a whole, the applicable law, and the arguments made at the hearing, the Court announced its ruling, and the reasons for that ruling, on the record. For the reasons set forth below, and for the reasons stated on the record, the Court **GRANTS** Qualcomm's motion, Dkt 236.

---

[1] Upon Qualcomm's showing of good cause, the Court granted Qualcomm's motion to seal this filing. *See* Dkt. 234. The minimally redacted public version of this motion can be found at Dkt. 231.

1

The Court's scheduling order requires NST, as a party asserting patent infringement, to "serve preliminary patent infringement contentions in the form of claim charts, setting forth where in the accused product(s) each element of the asserted claim(s) of U.S. Patent Nos. 7,366,818; 7,373,449; 7,594,052; 7,769,893; and 8,072,893 are found" on or before May 26, 2023. Dkt. 80, at 2.[2] Qualcomm complains that the preliminary infringement contentions NST has served (examples at Dkt. 236-3) and the various supplements NST has provided, do not satisfy the scheduling order's requirement that the contentions identify where, in each accused product, the elements of each asserted patent claim can be found. Dkt. 236. NST responds that the extensive detail in its contentions and supplementations provide sufficient notice of their infringement contentions, which is all the scheduling order requires at this stage, taking into account the fact that the scheduling order also permits NST to continually supplement its infringement contentions as it obtains new information in the case. Dkt. 247.

The Court agrees with Qualcomm that the contentions and supplementations NST has served to date do not comply with the letter of the scheduling order. Qualcomm is entitled under the order to a specific and concise claim chart, identifying—patent-by-patent, claim-claim, element-by-element—which of the accused Qualcomm products infringe. While this could possibly be divined from the 1,200+ pages of contentions NST has served thus far, the format and apparent over-

---

[2] The order further requires NST to serve preliminary patent-infringement contentions for U.S. Patent No. 8,086,800 on or before August 18, 2023.

inclusiveness does not present NST's infringement contentions in the manner contemplated by the Court's scheduling order.

Accordingly, the Court **GRANTS** Qualcomm's motion, Dkt. 236. Given the considerable number of accused products still at issue in this case, however, NST's suggestion at the hearing that the Court order something less than a supplementation addressing every single accused product is well-taken. The Court also acknowledges the issues NST has faced with respect to the shifting sands of Qualcomm's source-code production. To address these concerns, the Court **ORDERS** as follows:

On or before December 13, 2024, Qualcomm must certify to NST that it has (1) corrected the issues with its source code highlighted in NST's October 31, 2024, and November 12, 2024, letters; and (2) commit that it will not change, modify, or alter its source code production. Regarding this second point, if Qualcomm determines after December 13, 2024, that changes are necessary, it must meet and confer with NST to discuss the nature and scope of such changes before they are made.

On or before February 7, 2025, NST must supplement its preliminary infringement contentions—as to 3 representative source-code projects and/or chips—to set forth where in the accused product(s) each element is found. For example, if the claim element is "communication manager," NST must clearly identify the thing that it is contending is the communication manager, either by identifying it by its name

in the corresponding Qualcomm product, or by an annotated arrow appended to a Qualcomm document excerpt.

SIGNED November 26, 2024.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE