IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| NETWORK SYSTEM TECHNOLOGIES, LLC,<br><br>                      Plaintiff.<br><br>v.<br><br>QUALCOMM INCORPORATED ET AL.,<br><br>                      Defendants. | Civil Action No. 1:22-cv-1331-DAE |

**DEFENDANTS' SUPPLEMENTAL CLAIM CONSTRUCTION BRIEF REGARDING
IPR PROCEEDINGS PURSUANT TO DKT. 285**

Qualcomm filed IPRs against three of the patents-in-suit: U.S Patent Nos. 8,072,893 ("the '2893 patent"), 7,594,052 (the "'052 patent") and 7,373,449 (the "'449 patent"). The IPRs related to the '052 and '449 patents remain pending, and the Patent Trial and Appeal Board ("Board") will decide by June 21, 2025 (four months from now) whether Qualcomm has proved those patents are invalid under 35 U.S.C. §§ 102-103. Pursuant to the Court's Order (Dkt. 285), Qualcomm provides four updates regarding the IPR proceedings.

I. **The Board Confirmed Qualcomm's Construction in the '2893 Patent, and NST Now Agrees to that Construction**

Qualcomm requested supplemental claim construction briefing to inform the Court regarding the Board's adoption of Qualcomm's proposed construction for the claim term "each data package comprising N data elements" in the '2893 patent. Dkt. 120. After the Court ordered that briefing—two days before the brief was due—NST informed Qualcomm it was willing to agree to Qualcomm's construction. Ex. A. Accordingly, the Court should construe "each data package comprising N data elements" consistent with the parties' agreement to require "every data package communicated by the network stations has a fixed size of N data elements."

II. **The Board Rejected NST's Argument That Claims Directed to Integrated Circuits Cannot Be Subject to § 112(6)**

The Court must decide whether three terms from the patents-in-suit are governed by 35 U.S.C. § 112(6): "interconnect means" in the '052 patent, "dropping means" in the '818 patent, and "communication manager" in the '449 patent. Dkt. 77 at 11-16, 18-24. Each of these claim terms follows a claiming style that invokes § 112(6) by attempting to claim anything that performs a certain function. NST argued that none of these terms are subject to § 112(6) because each term is "structural" or "hardware" and is part of an "integrated circuit." Dkt. 86 at 4-5, 8-9, 11. No law supports this argument. *See* Dkt. 83 at 4-6, 9, 13; Dkt. 91 at 23:9-26:1, 48:8-49:21. Instead, the analysis of whether § 112(6) applies requires an assessment of the claim language

1

and whether *that claim language* overcomes the presumption resulting from the presence or absence of the word "means." *Williamson v. Citrix Online, LLC*, 792 F.3d 1339, 1347-51 (Fed. Cir. 2015) (*en banc*); *NetMoneyIN, Inc. v. VeriSign, Inc.*, 545 F.3d 1359, 1366 (Fed. Cir. 2008).

NST repeated its unfounded "integrated circuit avoids § 112(6)" argument for the term "interconnect means" in the '052 IPR. Ex. C at 9, 13-15; Ex. D at 13. The Board rejected this argument in its institution decision for the same reason that the Court should here. The Board stated: "The term 'interconnect means,' however, does not recite an integrated circuit. Thus, on this record, the presumption is not overcome, and we preliminarily conclude that 'interconnect means' is a means-plus-function limitation subject to 35 U.S.C. § 112 ¶ 6." Ex. D at 14.[1] The Board's reasoning for the "interconnect means" term should be applied in the same way to the other 112(6) terms in dispute in these proceedings.

### III.   '449 Patent: "communication manager"

The term "communication manager" is governed by § 112(6) and the '449 patent claims that recite that term are indefinite because the '449 patent fails to disclose and link any structure to the "communication manager" functions. *See* Dkt. 77 at 18-21. And as Qualcomm explained in its previous supplemental briefing on this issue, both parties in this case agree that the Court in the related *Texas Instruments* case (now settled) erred in concluding that functional language can be read into the claims to save them from invalidity. Dkt. 105 at 3-6.

NST makes much of the fact that in the IPR, Qualcomm agreed to apply NST's construction of communication manager "for the purpose of [the] IPR only." Ex. F at 35 n.6.

---

[1] Qualcomm does not agree with the structure the Board identified as performing the "interconnect means" function because it differs from the structures described in the specification that performs the identified function. *See* Ex. E at 1-2. The Board's institution decision is preliminary, and its decision on these and others issue could be different in the final decision due to issue in June.

Specifically, in its October 10, 2024 letter to the Court, NST argued that this agreement is relevant to this Court's analysis of whether the term is indefinite. Dkt. 225. That is wrong. It is black-letter law that invalidity under 35 U.S.C. § 112 (including indefiniteness) cannot be raised in an IPR. 35 U.S.C. § 311(b) (limiting the statutory bases for IPRs to §§ 102 and 103). Therefore, an IPR petitioner does not waive its district court indefiniteness position by agreeing to apply a construction for the purposes of the IPR. *See, e.g.*, *MPH Techs. Oy v. Apple, Inc*., No. 18-cv-05935-TLT, 2024 U.S. Dist. LEXIS 200375, at *13-18 (N.D. Cal. Aug. 16, 2024) (rejecting argument that the defendant should be estopped from arguing indefiniteness in the district court, noting that the Federal Circuit has recognized that "the Board can render prior art patentability determinations even if claims are indefinite"); *Dish Network LLC et al. v. Digital Broadcasting Solutions,* LLC, IPR2023-00976, Paper 8 at 7-9 (PTAB Dec. 11, 2023) ("Even if Patent Owner argues that Petitioner has asserted that certain claims are indefinite in the related litigation, Petitioner is nonetheless adopting Patent Owner's interpretations as the basis for requesting review of the challenged claims here."); *see also Garrity Power Servs. LLC v. Samsung Elecs. C*o., No. 2:20-cv-00269-JRG, 2021 U.S. Dist. LEXIS 145449, at *31 (E.D. Tex. Aug. 4, 2021) (absence of a construction in IPR does not preclude a construction in litigation because the PTAB "construes terms only where necessary" for purposes of the IPR).

 Qualcomm has not conceded or waived its indefiniteness arguments in this Court. Because Samsung filed the initial IPR petition, Qualcomm successfully moved to join the petition after it was instituted. In doing so, Qualcomm expressly informed the Board that:

> Qualcomm maintains that this term is indefinite because it is a means-plus-function term and the patent fails to disclose sufficient structure. However, given that this invalidity ground cannot be raised in IPR, for the purpose [o]f this IPR only and without waiving its indefiniteness position, [Qualcomm] is willing to apply any of the proposed constructions . . . ."

3

Ex. F at 35 n.6. In other words, Qualcomm informed the Board the term was indefinite, but said it was willing to apply alternative construction for the sole purpose of the IPR given that it could not raise indefiniteness. The Board found no problems with this. Ex. G at 19-21.

### IV.     Potential Additional Claim Construction

The '052 and '449 IPRs have the potential to raise more issues for claim construction. By statute, the '052 and '449 IPRs will be completed in about four months (by June 21, 2025). *See* 35 U.S.C. § 316(11); Exs. B, H. The patents are likely to be held invalid and therefore would not need to be construed. Even if they are not, however, NST's sur-replies (due March 4) and the Board's Final Written Decisions will become part of the patents' intrinsic record. For example, there is currently a dispute in the '052 IPR whether the request must *contain* or simply be "*based on*" a "communication service identification" (e.g., an address range or thread). Ex. E at 8-11. Should the Board not invalidate the claims and determine that the narrower construction applies, that finding would be relevant to the proceedings here because claims must be construed the same for infringement and for invalidity, and the same claim construction rules apply in this Court and before the Board. *CommScope Techs. LLC v. Dali Wireless Inc.*, 10 F.4th 1289, 1299 (Fed. Cir. 2021) (patent claims are not a "nose of wax" that can be "twisted" to find infringement but avoid invalidity); *CUPP Computing AS v. Trend Micro Inc.*, 53 F.4th 1376, 1380 (Fed. Cir. 2022) (Board applies claim construction standard governing federal courts).[2]

---

[2] The potential for additional claim construction is not limited to the patents in IPR. In response to the Magistrate Judge's order, NST recently served new infringement contentions. Should it become clear that construction of additional terms is needed, Qualcomm will request those constructions at an appropriate time. *See O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1361-62 (Fed. Cir. 2008) ("When the parties raise an actual dispute regarding the proper scope of these claims, the court, not the jury, must resolve that dispute.")

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: February 21, 2025 | /s/ J. Derek Vandenburgh |
|  | Deron R. Dacus (State Bar No. 00790553) |
|  | **The Dacus Firm, P.C.** |
|  | 821 ESE Loop 323, Suite 430 |
|  | Tyler, Texas 75701 |
|  | Telephone: (903) 705-1117 |
|  | Facsimile: (903) 581-2543 |
|  | ddacus@dacusfirm.com |
|  |  |
|  | J. Derek Vandenburgh (*pro hac vice*) |
|  | Joseph W. Winkels (*pro hac vice*) |
|  | Caroline L. Marsili (*pro hac vice*) |
|  | Nathan D. Louwagie (*pro hac vice*) |
|  | **CARLSON, CASPERS, VANDENBURGH & LINDQUIST, P.A.** |
|  | 225 South Sixth Street, Suite 4200 |
|  | Minneapolis, MN 55402 |
|  | (612) 436-9600 |
|  | dvandenburgh@carlsoncaspers.com |
|  | jwinkels@carlsoncaspers.com |
|  | cmarsili@carlsoncaspers.com |
|  | nlouwagie@carlsoncaspers.com |
|  |  |
|  | *Counsel for Defendants Qualcomm Incorporated, Qualcomm Technologies, Inc. Qualcomm CDMA Technologies Asia-Pacific PTE Ltd., and Qualcomm Global Trading PTE Ltd.* |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 21, 2025, all counsel of record will be served the foregoing motion and sealed exhibits by electronic mail.

/s/ J. Derek Vandenburgh
J. Derek Vandenburgh

5