IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| NETWORK SYSTEM TECHNOLOGIES, LLC, <br><br> Plaintiff. <br><br> v. <br><br> QUALCOMM INCORPORATED, QUALCOMM TECHNOLOGIES, INC., QUALCOMM CDMA TECHNOLOGIES ASIA-PACIFIC PTE LTD., QUALCOMM GLOBAL TRADING PTE LTD., and ARTERIS, INC. <br><br> Defendants. | Civil Action No. 1:22-cv-1331-DAE |

**DEFENDANTS' OPPOSED MOTION FOR PARTIAL RECONSIDERATION OF CLAIM CONSTRUCTION ORDER**

Defendants ("Qualcomm") respectfully request the Court reconsider its claim construction decision regarding the term "dropping means" in U.S. Patent No. 7,366,818 ("the '818 patent") under Rule 54(b). As described in Qualcomm's response to Plaintiff Network System Technologies, LLC's ("NST") Opposed Motion for Partial Reconsideration of Claim Construction Order, the Court's construction of "dropping means" was a manifest error of law because the Court based its construction on language from the '818 patent merely identifying possible locations for the "dropping means," which is insufficient to save a means-plus-function term from indefiniteness under 35 U.S.C. § 112 ¶ 6. Dkt. 301 at 1-2, 4-9, 11-13; *see also WSOU Invs. LLC v. Google LLC*, No. 2022-1066, 2023 U.S. App. LEXIS 25255, at *15 (Fed. Cir. Sept. 25, 2023) (non-precedential); *Diebold Nixdorf, Inc. v. Int'l Trade Comm'n*, 899 F.3d 1291, 1303 (Fed. Cir. 2018); *Lufthansa Technik AG v. Astronics Advanced Elec. Sys. Corp.*, 711 Fed. Appx.

1

638, 641-42 (Fed. Cir. 2017).  Reconsideration is appropriate to correct this error of law, particularly because the Court adopted a construction that was not proposed by either party and therefore was not fully addressed by the parties' previous briefing.

    NST opposes Qualcomm's motion.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: April 21, 2025 | <u>*/s/ J. Derek Vandenburgh*</u> |
|  | Deron R. Dacus (State Bar No. 00790553)<br>**The Dacus Firm, P.C.**<br>821 ESE Loop 323, Suite 430<br>Tyler, Texas 75701<br>Telephone: (903) 705-1117<br>Facsimile: (903) 581-2543<br>ddacus@dacusfirm.com |
|  | J. Derek Vandenburgh (*pro hac vice*)<br>Joseph W. Winkels (*pro hac vice*)<br>Caroline Marsili (*pro hac vice*)<br>Nathan D. Louwagie (*pro hac vice*)<br>Ryan D. Rypka (*pro hac vice*)<br>**CARLSON, CASPERS, VANDENBURGH & LINDQUIST, P.A.**<br>225 South Sixth Street, Suite 4200<br>Minneapolis, MN 55402<br>(612) 436-9600<br>dvandenburgh@carlsoncaspers.com<br>jwinkels@carlsoncaspers.com<br>cmarsili@carlsoncaspers.com<br>nlouwagie@carlsoncaspers.com<br>rrypka@carlsoncaspers.com |
|  | Andrea L. D'Ambra (pro hac vice)<br>Claire M. Huitt (pro hac vice)<br>Norton Rose Fulbright US LLP<br>1301 Avenue of the Americas<br>New York, NY 10019<br>Telephone: (212) 318-3015<br>Facsimile: (212) 318-3400<br>andrea.dambra@nortonrosefulbright.com<br>claire.huitt@nortonrosefulbright.com |

*Counsel for Defendants Qualcomm Incorporated, Qualcomm Technologies, Inc. Qualcomm CDMA Technologies Asia-Pacific PTE Ltd., and Qualcomm Global Trading PTE Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2025, a true and correct copy of the foregoing document was served or delivered electronically to all counsel of record.

<u>*/s/ J. Derek Vandenburgh*</u>
J. Derek Vandenburgh