**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| NETWORK SYSTEM TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>QUALCOMM INCORPORATED, ET AL.,<br><br>Defendants. | ) | Civil Action No. 1:22-cv-1331-DAE<br><br>**JURY TRIAL DEMANDED** |

**NETWORK SYSTEM TECHNOLOGIES, LLC'S**
**OPPOSED MOTION FOR LEAVE TO FILE SUR-REPLY TO**
**QUALCOMM'S MOTION FOR PARTIAL RECONSIDERATION**

Pursuant to Western District of Texas Local Rule 7(e), Plaintiff Network System Technologies, LLC ("NST") respectfully moves the Court for leave to file the attached Sur-Reply (Ex. 1, "Sur-Reply") to Qualcomm's Reply In Support of Its Motion for Partial Reconsideration of the Court's Claim Construction Order (Dkt. 315, "Reply").

The Local Rules provide that "[a] party may file a reply in support of a motion" and "[a]bsent leave of court, no further submissions on the motion are allowed." Local Rule CV-7(e). However, the Court has discretion to grant leave to file a sur-reply when it finds that the party seeking leave has provided adequate justification. *See Duarte v. St. Paul Fire & Marine Ins. Co.*, No. EP-L4-CV-305-KC, 2015 WL 12910213, at *1 (W.D. Tex. Aug. 28, 2015) (finding sur-reply "justified because Plaintiff responded to newly contested matters raised for the first time in Defendants' Reply"); *see also Salomon v. Wells Fargo Bank, N.A.*, No. EP-10-CV-106-KC, 2010 WL 2545593, at *2 (W.D. Tex. June 21, 2010) (granting Motion for Leave to File a Sur-Reply based on a case cited for the first time in Reply).

Here, Plaintiff's Sur-Reply is necessary because Qualcomm's *10-page* Reply introduced several new arguments and new case law citations not found in its *half-page* Motion. Specifically, Qualcomm's Reply relies on a case cited for the first time in the Reply. *See* Reply at 1, 3-4 (citing *Fintiv, Inc. v. Paypal Holdings, Inc.*, No. 2023-2312, 2025 U.S. App. LEXIS 10354 (Fed. Cir. Apr. 30, 2025), 4-5 (new arguments regarding "dropping means"), 8-9 (new argument regarding standard for indefiniteness). The Sur-Reply distinguishes the facts of *Fintiv* and explains why *Fintiv's* findings are inapplicable to the "dropping means" term. Thus, for the same reasons as those addressed in *Salomon*, NST's Sur-Reply is justified. *Salomon*, No. EP-10-CV-106-KC, 2010 WL 2545593, at *2 ("Because Wells Fargo seeks to respond to Salomon's use of [a case cited for the first time in Saloman's reply brief], and distinguish its facts from this case, it has provided

adequate justification for its Sur–Reply").

The Reply also argues for the first time that "dropping means" could be software or firmware, which, to satisfy §112, ¶ 6, would require disclosure of an algorithm capable of carrying out the claimed function of the "dropping means." Reply at 4-5. This argument was not included in Qualcomm's half-page Motion. *See generally*, Dkt. 302.

The Reply also suggests that a different standard of proof applies to find indefiniteness of terms subject to § 112, ¶ 6. Reply at 8-9. This argument was also not included in Qualcomm's half-page Motion. *See generally*, Dkt. 302.

Finally, the Reply attempts to belatedly rebut an argument made in *NST's* Motion for Partial Reconsideration of the Court's Claim Construction Order (Dkt. 297) regarding the term "communication manager." Reply at 8. Qualcomm's rebuttal to NST's argument regarding "communication manager" is entirely irrelevant to Qualcomm's Motion (Dkt. 302) addressing a different term, "dropping means," (indeed, it was not addressed in Qualcomm's Motion), and its rebuttal does not respond to any argument made in NST's Response (Dkt. 308).

NST's Sur-Reply addresses each of these new arguments and explains why they are irrelevant and should not be considered. Thus, for the same reasons as *Duarte*, NST's Sur-Reply is justified. *See Duarte*, No. EP-L4-CV-305-KC, 2015 WL 12910213, at *1 (W.D. Tex. Aug. 28, 2015) (finding sur-reply "justified because Plaintiff responded to newly contested matters raised for the first time in Defendants' Reply").

NST respectfully submits that its Sur-Reply addressing the arguments raised for the first time in the Reply will aid the Court in declining Qualcomm's invitation to revisit the Court's correct construction of the "dropping means" term. Accordingly, NST respectfully requests leave to file its Sur-Reply to Qualcomm's Reply in Support of Its Motion For Partial Reconsideration of

the Court's Claim Construction Order, attached hereto as Exhibit 1.

Date: May 19, 2025

Respectfully submitted,

*/s/ Daniel S. Stringfield w/ permission*
*William E. Davis, III*

William E. Davis, III
Texas State Bar No. 24047416
Ty Wilson
Texas State Bar No. 24106583
**DAVIS FIRM PC**
213 N. Fredonia Street, Suite 230
Longview, TX 75601
(903) 230-9090
bdavis@davisfirm.com
twilson@davisfirm.com

Daniel S. Stringfield
Timothy Maloney
Matthew M. Zuziak
Peter C. Krusiewicz
Allison E. Strong
**NIXON PEABODY LLP**
70 West Madison St., Suite 5200
Chicago, IL 60602
(312) 977-4130
nst@nixonpeabody.com
dstringfield@nixonpeabody.com
tmaloney@nixonpeabody.com
mzuziak@nixonpeabody.com
pkrusiewicz@nixonpeabody.com
astrong@nixonpeabody.com

Michael W. Gray
**NIXON PEABODY LLP**
300 S. Grand Avenue, Suite 4100
Los Angeles, CA 90071
(213) 629-6000
mgray@nixonpeabody.com

Alec M. Royka
**NIXON PEABODY LLP**
677 Broadway, 10th Floor
Albany, NY 12207
(518) 427-2650
aroyka@nixonpeabody.com

*Attorneys for Plaintiff Network System*

*Technologies, LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document and all accompanying exhibits were served via ECF on May 19, 2025 to all opposing counsel of record.

*/s/ William E. Davis, III*
William E. Davis, III

**CERTIFICATE OF CONFERENCE**

In accordance with Local Rule CV-7(G), the undersigned hereby certifies that counsel for NST and Qualcomm conferred in a good-faith attempt to resolve the matter raised in the instant Motion. Via email, counsel for Qualcomm stated it opposed the instant Motion because NST has [not] identified any reply arguments that justify a sur-reply[.]"

*/s/ Peter C. Krusiewicz*
Peter C. Krusiewicz