IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
July 29, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: Christian Rodriguez
       DEPUTY

| | |
|---|---|
| NETWORK SYSTEM TECHNOLOGIES, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| QUALCOMM INCORPORATED; ET AL., | ) ) |
| Defendants. | ) ) ) ) ) |

Civil Action No. 1:22-cv-1331-DAE

**JURY TRIAL DEMANDED**

# NETWORK SYSTEM TECHNOLOGIES, LLC'S SUR-REPLY TO QUALCOMM'S MOTION FOR PARTIAL RECONSIDERATION

**TABLE OF CONTENTS**

Page(s)

I. INTRODUCTION ................................................................................................................. 1
II. ARGUMENT ........................................................................................................................ 2
    A. The Reply's Newly Cited Authority is Inapplicable ..................................................... 2
    B. Qualcomm Waived Its Argument With Respect to "Communication Manager" ....... 5
    C. Qualcomm's New Argument Mischaracterizes the Burden of Proof .......................... 5
    D. The '818 Patent Clearly Links An Adequate Structure for Performing The Function of Dropping Data ......................................................................................................... 6
III. CONCLUSION ..................................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Atmel Corp. v. Info. Storage Devices, Inc.*,
  198 F.3d 1374 (Fed. Cir. 1999)..................................................................................................6

*Budde v. Harley-Davidson, Inc.*,
  250 F.3d 1369 (Fed. Cir. 2001)..................................................................................................6

*Diebold Nixdorf, Inc. v. ITC*,
  899 F.3d 1291 (Fed. Cir. 2018)..................................................................................................7

*Enfish, LLC v. Microsoft Corp.*,
  822 F.3d 1327 (Fed. Cir. 2016)..................................................................................................8

*Fintiv, Inc. v. Paypal Holdings, Inc.*,
  No. 2023-2312, 2025 U.S. App. LEXIS 10354 (Fed. Cir. Apr. 30, 2025)............................3, 4

*Halliburton Energy Servs., Inc. v. M-I LLC*,
  514 F.3d 1244 (Fed. Cir. 2008)..........................................................................................5, 6, 9

*Jones v. Cain*,
  600 F.3d 527 (5th Cir. 2010) .....................................................................................................3

*Lufthansa Technik AG v. Astronics Advanced Elec. Sys. Corp.*,
  711 Fed. Appx. 638 (Fed. Cir. 2017).........................................................................................7

*TecSec, Inc. v. Int'l Bus. Machines Corp.*,
  731 F.3d 1336 (Fed. Cir. 2013)..................................................................................................5

*Williamson v. Citrix Online, LLC*,
  792 F.3d 1339 (Fed. Cir. 2015)...............................................................................................6, 7

*Wilson v. Tessmer L. Firm, PLLC*,
  No. 5:18-CV-1056-DAE, 2021 WL 7448751 (W.D. Tex. Mar. 4, 2021) ..............................3, 5

*WSOU Investments LLC v. Google LLC*,
  No. 2022-1066, 2023 U.S. App. LEXIS 25255 (Fed. Cir. Sept. 25, 2023) ................................7

**Statutes**

35 U.S.C. § 282....................................................................................................................................9

I.      **INTRODUCTION**

In the face of the Court's detailed and thoughtful analysis of the term "dropping means" spanning 9 pages of the Court's Claim Construction Order (Dkt. 296, "Order," at 12-20), Qualcomm filed a half-page Motion (Dkt. 302) insisting the Court was wrong.

NST opposed, addressed the scant arguments made in Qualcomm's half-page Motion, as well as those Qualcomm purported to incorporate from a different brief (addressing different terms in a different patent), and explained why the Court's conclusion that Qualcomm failed to meet its burden of demonstrating by "clear and convincing evidence" that "dropping means" is indefinite was correct and reconsideration was not warranted. (Dkt. 308, "Response").

Perhaps realizing that its *half-page* Motion was woefully inadequate, Qualcomm shot back with a *10-page* Reply (Dkt. 315, "Reply") that introduces several new arguments that were not included in Qualcomm's Motion.[1] Specifically, the Reply (1) relies on a new case to support a new "algorithm" spin on a rejected "location" argument that "dropping means" is indefinite (Reply at 3-4); (2) attempts to rebut an unrelated argument not included in NST's Response (Dkt. 308, "Response") regarding "communication manager," a term in an entirely different patent whose construction is not the subject of Qualcomm's Motion (Reply at 8); and (3) mischaracterizes the controlling law and purports to introduce a new standard of proof for proving indefiniteness for terms subject to § 112, ¶ 6 (*id.* at 8-9). Critically, none of these arguments were included in Qualcomm's Motion (Dkt. 302, "Motion"), and are waived. In the event the Court considers these arguments, NST provides a sur-reply as set forth below.

The Reply not only attempts to insert new arguments, but it muddies the water with respect

---

[1] To the extent Qualcomm incorporated by reference certain arguments made in its Response to NST's Motion for Partial Reconsideration of the Court's Claim Construction Order (Dkt. 301), the Reply arguments at issue were not included in Dkt. 301 either.

1

to the central inquiry: Has Qualcomm met its high burden of establishing—by clear and convincing evidence—that the term "dropping means" is indefinite? The Court correctly found that Qualcomm *did not* meet its burden because the specification of the '818 Patent clearly links the network interface (ANIP/PNIP) to the § 112, ¶ 6 function of "dropping data exchanged by said first and second module (M, S)." Order at 19-20; *see also* Response at 4 ("the network interfaces are able to drop data") (quoting '818 Patent at 7:48-51). Qualcomm does not attempt to address the unambiguous disclosures in the '818 Patent that "the network interfaces are able to drop data." '818 Patent at 7:48-51. Instead, the Reply repeats the same failed argument that the network interface (ANIP/PNIP) is merely a "location" of the "dropping means." However, that argument is a red herring because, having found that the function of "dropping means" is "dropping data …," the Court is tasked with identifying the corresponding structure that performs this function, which is clearly and unambiguously the network interface ANIP/PNIP. *See* '818 Patent at 7:48-51.

As NST established in its Response, and for the additional reasons provided below, Qualcomm failed to meet its high burden of proving, by clear and convincing evidence, that "dropping means" is indefinite, and the Court's construction, therefore, requires no reconsideration. Accordingly, NST respectfully requests that the Court deny Qualcomm's Motion and decline Qualcomm's half-page invitation to disturb its correct 9-page holding that "dropping means" is not indefinite.

## II.     ARGUMENT

### A.     The Reply's Newly Cited Authority is Inapplicable

The Reply reiterates an argument already rejected by the Court, specifically, that the '818 Patent merely discloses a "location" for the "dropping means." Reply at 2-3; *see* Response at 5-7 (explaining how the Court already rejected the "location" argument). However, the Reply attempts

2

to rely upon a recent Federal Circuit decision to put a new spin on its already-rejected "location" argument. Reply at 1, 3-4 (citing *Fintiv, Inc. v. Paypal Holdings, Inc.*, No. 2023-2312, 2025 U.S. App. LEXIS 10354 (Fed. Cir. Apr. 30, 2025)). But *Fintiv* has nothing to do with whether identifying a "location" is sufficient to be corresponding structure under § 112, ¶ 6. Instead, *Fintiv* relates to whether the specification disclosed an algorithm for a function performed by a general-purpose computer. *See Fintiv*, No. 2023-2312, 2025 U.S. App. LEXIS 10354 at *14. *Fintiv* is distinguishable because the corresponding structure for the dropping means in this case is not a general-purpose computer or an algorithm, it is a hardware network interface. As explained in NST's Response, a network interface is hardware, and not software. *See* Response at 3-4; *see also* Order at 20 (holding that the droppings means are "physical hardware structures").

Based on its citation of *Fintiv*, the Reply raises a new argument that the claimed "dropping means" "could conceivably be software or firmware," which, to satisfy §112, ¶ 6, requires disclosure of an algorithm capable of carrying out the claimed function of the "dropping means." Reply at 4-5. Because this argument was raised for the first time in the Reply, the Court should not consider it and find it waived. *See Wilson v. Tessmer L. Firm, PLLC*, No. 5:18-CV-1056-DAE, 2021 WL 7448751, at *3 (W.D. Tex. Mar. 4, 2021) (J. Ezra) ("arguments raised for the first time in a reply brief are generally waived") (quoting *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010)).

Even if the Court considers Qualcomm's software argument (which it should not), this argument fails for at least three reasons. First, Qualcomm's "could conceivably" argument (Reply at 5) is not sufficient to satisfy the high burden of showing indefiniteness by "clear and convincing" evidence. To the contrary, a "could conceivably" argument is, by its own terms, essentially the opposite of a "clear and convincing" argument.

Second, the '818 Patent confirms that the "dropping means" is embodied as "hardware."

3

'818 Patent at 11:41-43. NST's expert's, Dr. Chmelar's, testimony also dispels the notion that the "dropping means" can be implemented as software on a general-purpose computer because such an implementation would "not [be] feasible." Dkt. 85-7 at ¶ 70 (quoting '818 Patent at 2:22-25); *see also id.* at ¶¶ 64-65, 70. Qualcomm's argument that the "dropping means" "could conceivably be software" is plainly insufficient to overcome the disclosure in the '818 Patent that the "dropping means" is "hardware." '818 Patent at 11:41-43. Thus, *Fintiv* is inapposite because the "dropping means" is implemented as hardware, not software.

Third, even if the "dropping means" were implemented as software (which, as established above, it is not), the '818 Patent's specification provides the details missing in *Fintiv*. The *Fintiv* court found the term "payment handler" indefinite because the specification disclosed a function performed by a general-purpose computer, yet failed to disclose "any algorithm to perform the recited function." *Fintiv*, No. 2023-2312, 2025 U.S. App. LEXIS 10354 at *14. The Court rejected Plaintiff's "purported two-step algorithm [because it] merely recited the asserted claims' language." *Id.* at *15. In contrast, the '818 Patent discloses a "dropping scheme" which details the function carried out by the "dropping means." *See* '818 Patent at 7:57-9:49. The '818 Patent also discloses many possible examples as to how data is dropped. *See id.* at 7:54-56 (data may be dropped according to a "milk policy" or a "wine policy"); *see also id.* at 8:38-45 (data may be dropped "in case of buffer overflow"). Thus, even if it were software (which it is not), the "dropping means" is definite because the '818 Patent discloses significantly more than "the results of the operation of an unspecified algorithm," which the Federal Circuit found insufficient in *Fintiv*. *Fintiv*, No. 2023-2312, 2025 U.S. App. LEXIS 10354 at *15.

Because of the disclosures in the '818 Patent (*see* '818 Patent at 7:57-9:49), Qualcomm cannot meet its high burden of proving by clear and convincing evidence that the "dropping

4

means" is software and, if it is software, that the specification fails to disclose an algorithm adequate for performing the function of dropping data. *See TecSec, Inc. v. Int'l Bus. Machines Corp.*, 731 F.3d 1336, 1349 (Fed. Cir. 2013) (finding "defendants have failed to show by clear and convincing evidence that the [] specification fails to disclose corresponding structure" where the specification disclosed "how to use the products to implement the claimed functions").

### B. Qualcomm Waived Its Argument With Respect to "Communication Manager"

Curiously, the Reply attempts to rebut an argument made in NST's Reply in Support of Its Motion for Partial Reconsideration of the Court's Claim Construction Order (Dkt. 304). *See* Reply at 8. This argument, related to Qualcomm's inconsistent treatment of the terms "resource manager" and "communication manager" in the '449 Patent (*see* Dkt. 297 at 7 n.3; Dkt. 304 at 5-7), is not relevant to Qualcomm's Motion (Dkt. 302) addressing "dropping means" in the '818 Patent, nor does it respond to any argument made in NST's Response to Qualcomm's Motion (Dkt. 308). The Court should find this argument waived, both with respect to this Motion and NST's Motion (Dkt. 297), as it was not properly presented by Qualcomm in either of the rounds of briefing of either motion. *See Wilson*, No. 5:18-CV-1056-DAE, 2021 WL 7448751, at *3.

### C. Qualcomm's New Argument Mischaracterizes the Burden of Proof

Qualcomm suggests that there is a different standard for proving indefiniteness in cases involving terms subject to § 112, ¶ 6. Reply at 8-9. Specifically, Qualcomm argues that "the indefiniteness issue under § 112, ¶ 6 is not an ability to understand the words of the claims" (Reply at 9) and that NST's, and the Court's, reliance on and interpretation of *Halliburton* is erroneous. *Id.* To the contrary, *Halliburton* provides that:

> Proof of indefiniteness requires such an exacting standard because claim construction often poses a difficult task over which "expert witnesses, trial courts, and even the judges of this court may disagree." ... Nevertheless, this standard is met where an accused infringer shows by clear and convincing evidence that a

5

> ***skilled artisan could not discern the boundaries of the claim*** based on the claim language, the specification, and the prosecution history, as well as her knowledge of the relevant art area.

*Halliburton Energy Servs., Inc. v. M-I LLC*, 514 F.3d 1244, 1249 (Fed. Cir. 2008) (emphasis added). This holding is consistent with the requirement that Qualcomm must prove indefiniteness by clear and convincing evidence, that indefiniteness is viewed from the perspective of a POSITA, and the well-established Federal Circuit precedent applying the same standard for means-plus-function elements under § 112, ¶ 6. *See Budde v. Harley-Davidson, Inc.*, 250 F.3d 1369, 1376–77 (Fed. Cir. 2001) (holding "a challenge to a claim containing a means-plus-function limitation as lacking structural support requires a finding, by clear and convincing evidence, that the specification lacks disclosure of structure sufficient to be understood by one skilled in the art as being adequate to perform the recited function"); *see also Atmel Corp. v. Info. Storage Devices, Inc.*, 198 F.3d 1374, 1382 (Fed. Cir. 1999) ("the corresponding structure(s) of a means-plus-function limitation must be disclosed in the written description in such a manner that one skilled in the art will know and understand what structure corresponds to the means limitation [because] [o]therwise, one does not know what the claim means"). None of the cases cited in Qualcomm's reply brief (Reply at 9) hold otherwise.

Thus, to meet its burden of proving by clear and convincing evidence that "dropping means" is indefinite, Qualcomm must prove that the '818 Patent's specification is so lacking in structure that a POSITA would "not know what the claim means." *Atmel*, 198 F.3d at 1382. Qualcomm cannot meet this burden because the '818 Patent discloses the network interface as structure for performing the claimed function. *Infra* § II.D; Dkt. 308 at 3-5.

### D. The '818 Patent Clearly Links An Adequate Structure for Performing The Function of Dropping Data

The Reply relies on the Federal Circuit's *Williamson* decision which holds that to constitute

corresponding structure under § 112, ¶ 6, the specification must (1) "clearly link[] or associate[] that structure to function recited in the claim;" and (2) the structure must be "adequate corresponding structure to achieve the claimed function." *Williamson v. Citrix Online, LLC*, 792 F.3d 1339, 1352 (Fed. Cir. 2015). The Reply argues that the '818 Patent fails under both prongs. Reply at 2-3. This is wrong because the '818 Patent clearly links the network interfaces (ANIP/PNIP) to the function of dropping data and any skilled artisan would understand that the disclosure of network interfaces (ANIP/PNIP) and corresponding description of the operations of the network interfaces in the '818 Patent are adequate disclosure of structures for performing the stated function, as explained in NST's Response. *See* Dkt. 308 at 3-4.

The '818 Patent states that "only the network interfaces are able to drop data or messages." '818 Patent at 7:50-51. The '818 Patent further explains that "requests can only be dropped by the active network interface ports ANIP, while responses can only be dropped by the passive network interface ports PNIP." The Reply characterizes these citations as "add[ing] nothing to NST's argument." Reply at 6. This cannot be true. These disclosures in the '818 Patent conclusively establish that the specification clearly links and associates the network interfaces (ANIP/PNIP) with the function of dropping data.[2]

A POSITA would also understand that the network interfaces (ANIP/PNIP) are adequate corresponding structures for performing the function of dropping data. The Reply argues that "there is no evidence that 'ANIP/PNIP' are 'adequate corresponding structure to achieve the

---

[2] As established in NST's Response (Dkt. 308 at 3-7), the disclosures in the '818 Patent regarding "what" performs the dropping data function (i.e., the network interfaces (ANIP/PNIP)) (*see* '818 Patent at 7:45-51), and "how" that function is performed (*see id.* at 7:57-9:49), distinguishes this case from Qualcomm's cited authority. *See* Reply at 8-9 (citing *WSOU Investments LLC v. Google LLC*, No. 2022-1066, 2023 U.S. App. LEXIS 25255 (Fed. Cir. Sept. 25, 2023); *Diebold Nixdorf, Inc. v. ITC*, 899 F.3d 1291 (Fed. Cir. 2018); *Lufthansa Technik AG v. Astronics Advanced Elec. Sys. Corp.*, 711 Fed. Appx. 638 (Fed. Cir. 2017)).

7

claimed function.'" Reply at 3 (citing *Williamson*, 792 F.3d at 1352). This argument is faulty for two reasons. First, NST's expert opined that "the interfaces between modules and the network are able to drop data" (*see* Dkt. 85-7 at ¶ 41) and, as discussed in NST's Response (Dkt. 308 at 7), further explained that the network interfaces are not software but instead are hardware elements that can comprise well-known hardware elements such as "flip-flops, latches, registers, random-access memory (RAM), and so on." Dkt. 85-7 at ¶¶ 64-65, 70. Thus, unrebutted expert testimony supports the adequacy of the network interface (ANIP/PNIP) to perform the claimed function.[3] And, contrary to Qualcomm's argument (Reply at 7), NST's expert's testimony is relevant and should be considered in identifying the corresponding structure of "dropping means." *See Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1340 (Fed. Cir. 2016) ("the sufficiency of the structure is viewed through the lens of a person of skill in the art").

Second, and more importantly, Qualcomm impermissibly attempts to shift its burden of proving indefiniteness to NST. Qualcomm's burden is to present evidence that the network interfaces (ANIP/PNIP) are ***inadequate*** to achieve the function of dropping data. Instead of meeting its burden, Qualcomm suggests that NST must (and failed to) proffer evidence that the network interfaces ANIP/PNIP are adequate supporting structure. To the contrary, as discussed above and in NST's Response, NST supplied unambiguous and unrebutted evidence both from the '818 patent specification itself (*see* '818 Patent at 7:48-51 ("the network interfaces are able to drop data")), and the declaration of Dr. Chmelar (*see* Dkt. 85-7 at ¶¶ 41, 64-65, 70), that one skilled in the art would understand that the disclosed network interfaces ANIP/PNIP are known hardware structures that perform the claimed function: "dropping data exchanged by said first and second

---

[3] Dr. Chmelar's testimony on this issue remains unrebutted as Dr. Hassoun failed to opine that the disclosed network interface ANIP/PNIP is inadequate to perform the dropping data function. *See* Dkt. 77-1 at ¶¶ 55-63.

8

module (M, S)." Order at 12. It is Qualcomm's burden to prove indefiniteness, not NST's burden to prove definiteness—and indeed, the claims are *statutorily presumed* definite. *See Halliburton*, 514 F.3d at 1249-50 (Defendant bears the burden to prove by "clear and convincing evidence that a skilled artisan could not discern the boundaries of the claim based on the claim language, the specification, and the prosecution history, as well as her knowledge of the relevant art area"); *see also* 35 U.S.C. § 282 ("A patent shall be presumed valid. … The burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting such invalidity").

### III.  CONCLUSION

The Motion and the Reply fail to show grounds for reconsideration and fail to meet the high burden of proving by clear and convincing evidence that "dropping means" is indefinite. For the foregoing reasons, NST respectfully requests that the Court deny Qualcomm's Motion.

Date:   May 19, 2025                                Respectfully submitted,

/s/ *Daniel S. Stringfield w/ permission*
<u>William E. Davis, III</u>
William E. Davis, III
Ty Wilson
**DAVIS FIRM PC**
213 N. Fredonia Street, Suite 230
Longview, TX 75601
(903) 230-9090
bdavis@davisfirm.com
twilson@davisfirm.com

Daniel S. Stringfield
Timothy Maloney
Matthew M. Zuziak
Peter C. Krusiewicz
Allison E. Strong
**NIXON PEABODY LLP**
70 West Madison St., Suite 5200
Chicago, IL 60602
(312) 977-4130
nst@nixonpeabody.com
dstringfield@nixonpeabody.com
tmaloney@nixonpeabody.com
mzuziak@nixonpeabody.com
pkrusiewicz@nixonpeabody.com
astrong@nixonpeabody.com

Michael W. Gray
**NIXON PEABODY LLP**
300 S. Grand Avenue, Suite 4100
Los Angeles, CA 90071
(213) 629-6000
mgray@nixonpeabody.com

Alec M. Royka
**NIXON PEABODY LLP**
677 Broadway, 10th Floor
Albany, NY 12207
(518) 427-2650
aroyka@nixonpeabody.com

*Attorneys for Plaintiff Network System Technologies, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served via ECF on May 19, 2025, to all opposing counsel of record.

>*/s/ William E. Davis, III*
>William E. Davis, III