**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| NETWORK SYSTEM TECHNOLOGIES, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:22-cv-1331-DAE |
| QUALCOMM INCORPORATED, ET AL., | ) ) | ██████████████ |
| Defendants. | ) ) ) ) ) | |

**NETWORK SYSTEM TECHNOLOGIES, LLC'S OPPOSITION TO QUALCOMM'S
<u>MOTION TO STAY DEADLINES AFTER THE CLOSE OF FACT DISCOVERY</u>**

## <u>TABLE OF CONTENTS</u>

**Page(s)**

I.     INTRODUCTION ................................................................................................ 1

II.    BACKGROUND .................................................................................................. 2

III.   LEGAL STANDARD.......................................................................................... 3

IV.   ARGUMENT ....................................................................................................... 3

     A.    This Case Has Progressed Significantly Over the Past Year Since Qualcomm's First Unsuccessful Bid to Stay this Case ................................................................. 4

     B.    NST Will Be Severely Prejudiced By a Multi-Year Stay...................................... 6

     C.    Whether A Stay Would Simplify Issues Is Speculative......................................... 8

V.    CONCLUSION................................................................................................... 10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Allvoice Devs. US, LLC v. Microsoft Corp.*,
No. 6:09-CV-366, 2010 WL 11469800 (E.D. Tex. June 4, 2010)............................................6

*CyWee Grp. Ltd. v. Samsung Elecs. Co.*,
17-cv-00140, 2019 WL 11023976 (E.D. Tex. Feb. 14, 2019)..................................................3

*Datanet LLC v. Dropbox Inc.*,
No. 6:22-CV-01142-OLG-DTG, 2023 WL 9005604 (W.D. Tex. Dec. 28,
2023) ........................................................................................................................................7

*Headwater Rsch. LLC v. Samsung Elecs. Co., Ltd.*,
No. 2:23-cv-00103-JRG-RSP, 2024 WL 5080240 (E.D. Tex. Dec. 11, 2024) ........................8

*Intell. Ventures I LLC v. Toshiba Corp.*,
No. 13-453-SLR/SRF, 2015 WL 3773779 (D. Del. May 15, 2015).........................................9

*Intell. Ventures II LLC v. BITCO General Insurance Corp.*,
2018 WL 9596640 (E.D. Tex. June 21, 2018).......................................................................10

*Intell. Ventures II LLC v. Sprint Spectrum, L.P.*,
No. 2:17-cv-00662-JRG-RSP, 2018 WL 11363368 (E.D. Tex. Nov. 19, 2018).....................8

*Jenam Tech, LLC v. Google LLC*,
No. 21-CV-07994-JST, 2022 WL 20275184 (N.D. Cal. Mar. 28, 2022)................................5

*Lionra Techs. Ltd. v. Cisco Sys., Inc.*,
No. 2:24-CV-00097-JRG, 2025 WL 1239317 (E.D. Tex. Apr. 29, 2025) ..............................8

*MiMedx Grp., Inc. v. Tissue Transplant Tech. Ltd.*,
14-cv-00719, 2015 WL 11573771 (W.D. Tex. Jan. 5, 2015) ..................................................3

*Neonode Smartphone LLC v. Samsung Elecs. Co.*,
No. 6:20-CV-00507-ADA, 2023 WL 11915742 (W.D. Tex. Mar. 22, 2023).........................10

*Ravgen, Inc. v. Lab'y Corp. of Am. Holdings*,
No. W-20-cv-00969-ADA, 2022 WL 4240937 (W.D. Tex. Aug. 16, 2022) ...........................7

*Smart Mobile Techs. LLC v. Apple Inc.*,
No. 6:21-CV-00603-ADA, 2023 WL 5051374 (W.D. Tex. Aug. 8, 2023).........................4, 5

*Sonrai Memory Ltd. v. LG Elecs. Inc.*,
No. 6:21-CV-00168-ADA, 2022 WL 2307475 (W.D. Tex. June 27, 2022) ............................6

## I.    INTRODUCTION

Qualcomm's Motion to Stay (Dkt. 370-1, "Motion") asks the Court to stay the entire case because only one of three remaining[1] Asserted Patents, the '052 Patent, was affected by an *Inter Partes* Review ("IPR") decision that is non-final and subject to NST's pending Request for Rehearing (Dkt. 371-8). But regardless of the ultimate fate of the '052 Patent, **there will be a trial** on at least the '818 and '2893 Patent (the latter of which survived an unsuccessful IPR attack by Qualcomm) and there is **no reason** to delay that trial.[2]

Nevertheless, Qualcomm asserts that the entire case should be stayed, and the trial postponed indefinitely, based on two separate motions it filed regarding the '818 and '2893 Patents. Qualcomm's '818 Patent motion was recently denied by the Court. Dkt. 392. And its '2893 Patent motion is actually a premature dispositive motion, which should not be considered (if at all) until after the parties complete expert discovery in December 2025 and finish briefing of their other dispositive motions in February 2026. *See* Dkt. 339-1 at 1, 4-5 (explaining Qualcomm's '2893 Motion is a premature dispositive motion); Dkt. 391 at 1 (setting close of expert discovery at December 1, 2025), 2 (setting end of dispositive motion briefing at February 17, 2026).

The indefinite stay that Qualcomm seeks is not only contrary to this District's precedent but would be severely prejudicial to NST whose '818 and '2893 Patents are valid, enforceable, and willfully infringed by Qualcomm; and whose '052 Patent is subject to a non-final IPR decision

---

[1] NST originally asserted six patents: 7,366,818 ("the '818 Patent"); 7,373,449 ("the '449 Patent"); 7,594,052 ("the '052 Patent"); 7,769,893 ("the '9893 Patent"); 8,072,893 ("the '2893 Patent"); and 8,086,800 ("the '800 Patent"). Dkt. 1. NST withdrew its allegations as to the '800 and '9893 Patents after indefiniteness rulings. Similarly, after this Court's decision to not reverse its indefiniteness finding as to the '449 Patent, (Dkt. 392), NST withdraws those allegations as well, leaving the '818, '052, and '2893 Patents in suit (collectively, the "Asserted Patents").

[2] To the extent the Court believes a stay is appropriate, it should sever, and only stay, NST's claims as to just the '052 Patent after the close of expert discovery and pending NST's pending Request for Rehearing, (Dkt. 371-8), for the reasons set forth herein.

that is pending rehearing. The Court should deny Qualcomm's Motion.

## II.     BACKGROUND

This case has been pending for nearly three years. NST filed its complaint on December 19, 2022 (Dkt. 1), its First Amended Complaint on August 7, 2023 (Dkt. 57), and, based on a motion carefully considered and granted by the Court (Dkt. 182), a Second Amended Complaint on September 11, 2024 (Dkt. 183). NST alleges that Qualcomm willfully infringes patents that are directed to network-on-chip ("NoC") technology. NST served its preliminary infringement contentions on May 26, 2023, supplemental infringement contentions on February 7, 2025, and its final infringement contentions on May 13, 2025. Qualcomm served its final invalidity contentions on June 17, 2025.

Fact discovery was open for nearly two years: it opened on September 18, 2023 and closed on July 30, 2025. Dkt. 80, ¶ 10. The parties have exchanged extensive discovery, including 19 depositions, dozens of interrogatory responses, hundreds of document requests, and millions of pages of documents. The Court has intervened multiple times to resolve discovery disputes:

(1)     August 13, 2024: the Court heard the parties' motions to compel (Dkt. 110; Dkt. 111; Dkt. 119) and Qualcomm's first unsuccessful motion to stay (Dkt. 130);
(2)     October 24, 2024: the Court heard NST's motions to compel (Dkt. 139; Dkt. 207; Dkt. 217);
(3)     November 26, 2024: the Court heard Qualcomm's motion to compel (Dkt. 236);
(4)     January 23, 2025: the Court heard Qualcomm's motion for protective order (Dkt. 274);
(5)     May 2, 2025: the Court heard NST's motion to compel (Dkt. 300); and
(6)     August 27, 2025: the Court is set to hear another four motions (Dkt. 334-1; Dkt. 343; Dkt. 350; Dkt. 353). Dkt. 383 (setting hearing).

The Court held two *Markman* hearings on December 21, 2023 and February 21, 2024 (Dkt. 94; Dkt. 99), issued a *Markman* Order on March 31, 2025 (Dkt. 296) and denied the parties' motions for partial reconsideration of that order on July 29, 2025 (Dkt. 297; Dkt. 302; Dkt. 392).

On July 2, 2024, Qualcomm moved to stay this case pending completion, and inevitable

appeals, of the '449 and '052 Patent IPR proceedings. Dkt. 130. The Court denied that motion because (1) "the scope or simplification that would occur as a result of whatever we would learn from IPR is [in]sufficient to justify a full pause on the case" and (2) the case was already at an advanced stage. Dkt. 170, 51:21-52:12.

One year later, the case is at a much more advanced stage and the scope of simplification from the pending '052 Patent IPR proceedings remains "[in]sufficient to justify a full pause on the case." *See id.* Qualcomm's Motion should therefore be denied for the same reasons.

## III.    LEGAL STANDARD

"The party seeking a stay bears the burden of showing that a stay is appropriate." *MiMedx Grp., Inc. v. Tissue Transplant Tech. Ltd.*, 14-cv-00719, 2015 WL 11573771, at *2 (W.D. Tex. Jan. 5, 2015). Ruling on a motion to stay requires the Court to "determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." *CyWee Grp. Ltd. v. Samsung Elecs. Co.*, 17-cv-00140, 2019 WL 11023976, at *2 (E.D. Tex. Feb. 14, 2019).

In determining whether a stay pending *inter partes* review is appropriate, a district court considers the following three factors: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question; and (3) whether litigation is at an early stage." *MiMedx*, 2015 WL 11573771, at *1.

## IV.    ARGUMENT

Qualcomm's first unsuccessful motion to stay sought to stay the entire case due to IPR proceedings affecting only two of five NST patents. Dkt. 130. Its current Motion seeks the same relief due to pending IPR proceedings affecting only one of the three remaining Asserted Patents.[3] Motion at 1. Qualcomm downplays the severe prejudice to NST that would result from an

---

[3] Qualcomm's '449 Patent arguments are moot. *See* footnote 1, *supra.*

indefinite stay, misapplies the law on the appropriateness of a stay this late in the case, and speculates about alleged simplification resulting from a stay. For the reasons provided below, a stay is unwarranted. Alternatively, if the Court were inclined to stay based on the '052 Patent IPR proceedings, NST respectfully requests that the Court, following the close of expert discovery on December 1, 2025 (Dkt. 391), sever and stay NST's infringement allegations as to only the '052 Patent and move forward with the '818 and '2893 Patents.

### A.    THIS CASE HAS PROGRESSED SIGNIFICANTLY OVER THE PAST YEAR SINCE QUALCOMM'S FIRST UNSUCCESSFUL BID TO STAY THIS CASE

In determining whether to impose a stay, courts in this District consider "whether the proceedings … have reached an advanced stage, including whether discovery is complete." *Smart Mobile Techs. LLC v. Apple Inc.*, No. 6:21-CV-00603-ADA, 2023 WL 5051374, at *2 (W.D. Tex. Aug. 8, 2023). One year ago, in denying Qualcomm's first motion to stay (Dkt. 130), the Court found that the stage of the case factor weighed against imposing a stay:

> [I]n terms of the status of the litigation, this one I think does also slightly favor the plaintiff. When I've granted stays in the past, they've typically been at some point sooner in the life of the case than this here, where we've gotten as far as briefing on an argument on -- multiple arguments on the *Markman* and multiple motions and amendments to the complaint have all taken place. There's been at least attempts at obtaining a decent amount of discovery. I think all of that weighs against a stay here.

Dkt. 170 at 52:3-12.

This case has progressed significantly in the year since that ruling. The Court issued its *Markman* Order and ruled upon the parties' motions for partial reconsideration of that Order, resolving all claim construction issues. *Supra* § II. The Court granted NST's motion for leave to file its Second Amended Complaint. *Id.* The parties have exchanged final infringement contentions and invalidity contentions. *Id.* The fact discovery period, during which the parties exchanged extensive discovery and the Court heard (or will soon hear, *see* Dkt. 383) *fourteen* different

discovery or case management motions spread across *six* different hearings, has just closed. *Supra* § II. All that remains before pre-trial preparations and trial are the completion of expert discovery and dispositive motion practice, which is scheduled to be completed by February 17, 2026. Dkt. 391 at 2. There is no justification for imposing an indefinite, likely multi-year, stay when the parties are this close to the finish line.[4]

Rather than acknowledge the vast investment of resources already made by the parties and the Court (with, arguably, the majority of that investment made in the year since the Court denied Qualcomm's first motion to stay), Qualcomm focuses on the amount of work left to be done. Motion at 4-5. But that is not the appropriate consideration. Rather, "if protracted and expansive discovery has already occurred, or the court has expended significant resources, then courts have found that this factor weighs against a stay" *Smart Mobile*, 2023 WL 5051374, at *2 (quoting *CANVS Corp. v. U.S.*, 118 Fed. Cl. 587, 595 (2014)). Here, both "protracted and expansive discovery has already occurred" and the Court has certainly "expended significant resources," *see supra* § II, so these considerations weigh strongly in favor of denying Qualcomm's Motion.

Qualcomm is incorrect that courts "routinely" stay cases this close to trial and the out-of-District cases it cites do not support this assertion. Motion at 5-6. For example, in *In re Papst Licensing GmbH & Co. KG Pat. Litig.*, the stay was imposed because, unlike here, the case "remains at an early stage with discovery and claim construction not complete." 320 F. Supp. 3d 132, 136 (D.D.C. 2018); *see also Jenam Tech, LLC v. Google LLC*, No. 21-CV-07994-JST, 2022 WL 20275184, at *2 (N.D. Cal. Mar. 28, 2022) (finding the stage of the case factor favored a stay

---

[4] The Motion does not specify the duration of the stay. However, it hints that the stay could last multiple years. *See* Motion at 7 (arguing that even if the Federal Circuit reverses the PTAB decisions, the "PTAB would need to decide additional issues on remand," which would likely lead to yet another Federal Circuit appeal).

because, unlike here, contentions "have [not] been exchanged, general fact discovery has not taken place, claim construction has not occurred"). In *Kaneka Corp. v. SKC Kolon PI, Inc.*, the court found that this factor weighed against a stay because the parties had already completed fact and expert discovery and briefed summary judgment motions. No. 11-3397 JGB (RZX), 2014 WL 12673678, at *2 (C.D. Cal. Dec. 5, 2014). And, in *Wonderland NurseryGoods Co. v. Kids II, Inc.*, the Court imposed a stay because seven out of the eight asserted claims were invalidated by IPR, leaving only a single patent claim in a single patent at issue. Here, setting aside the '052 Patent claims, all asserted claims from the other Asserted Patents are unaffected by the IPR decisions.

### B.    NST WILL BE SEVERELY PREJUDICED BY A MULTI-YEAR STAY

The Motion disregards the notion that NST could be prejudiced by the proposed multi-year stay merely because its business is focused on monetizing patent rights. Motion. At 8-10.[5] However, as established below, a stay would severely prejudice NST in multiple ways and this prejudice should not be disregarded merely because of its chosen business model.

First, and most importantly, a multi-year stay "risks the loss of testimonial … evidence potentially valuable to the [NST's] case." *Sonrai Memory Ltd. v. LG Elecs. Inc.*, No. 6:21-CV-00168-ADA, 2022 WL 2307475, at *2 (W.D. Tex. June 27, 2022); *see also Allvoice Devs. US, LLC v. Microsoft Corp.*, No. 6:09-CV-366, 2010 WL 11469800, at *4 (E.D. Tex. June 4, 2010) (holding that a stay of ten months would "create a substantial delay that could cause prejudice by Plaintiff from moving forward with its infringement claims and by risking the loss of evidence as witnesses become unavailable and memories fade").

The risk of witness unavailability here is significant. For example, NST seeks the testimony

---

[5] Qualcomm mischaracterizes the testimony of NST's principal to suggest impropriety based on NST exercising its patent rights. Motion at 8. NST's principal merely testified as to the unremarkable fact that, as a business, NST's goal is to make money. Dkt. 370-4 at 50:11-25.

of Philippe Boucard, a witness who possesses critical evidence relevant to Qualcomm's infringement of the Asserted Patents. *See* Dkt. 332-1; Dkt. 380-1. ████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

███████████████████

Second, a multi-year stay would cast a cloud over NST's ability to enforce its patents. One of the Asserted Patents (the '818 Patent) has expired during the pendency of this case and the remaining two patents ('052 and '2893 Patents) will expire during (or shortly after) Qualcomm's proposed multi-year stay. As this District previously agreed, "placing an asserted patent in limbo for the majority of its remaining life would create a clear tactical disadvantage for plaintiffs." *Ravgen, Inc. v. Lab'y Corp. of Am. Holdings*, No. W-20-cv-00969-ADA, 2022 WL 4240937, at *2 (W.D. Tex. Aug. 16, 2022) (internal quotations omitted); *Datanet LLC v. Dropbox Inc.*, No. 6:22-CV-01142-OLG-DTG, 2023 WL 9005604, at *2 (W.D. Tex. Dec. 28, 2023) (finding plaintiff would be prejudiced from proposed stay because the patent was "at risk of expiring during the pendency" of a parallel proceeding).

Third, Qualcomm's argument that NST's status as a non-practicing status prevents it from being prejudiced is neither factually nor legally supported. Motion at 8-10. The Eastern District of

Texas squarely rejected an argument identical to Qualcomm's:

> [T]he Court is unconvinced by Defendant's argument that Plaintiff will not suffer prejudice because it is a non-practicing entity. Defendant fundamentally asks the Court to create two classes of plaintiffs—non-practicing entities and practicing entities—and to find that only practicing entities can suffer prejudice because of a stay. The Court declines to do so. Whether or not a plaintiff is a practicing or non-practicing entity is of no moment when considering whether a plaintiff will suffer prejudice because of a stay.

*Lionra Techs. Ltd. v. Cisco Sys., Inc.*, No. 2:24-CV-00097-JRG, 2025 WL 1239317, at *3 (E.D. Tex. Apr. 29, 2025). NST, like every other patent plaintiff, has "an interest in the timely vindication of [its] patent rights, regardless of [its] practicing status." *Headwater Rsch. LLC v. Samsung Elecs. Co., Ltd.*, No. 2:23-cv-00103-JRG-RSP, 2024 WL 5080240, at *2 (E.D. Tex. Dec. 11, 2024). Even if it were true that "NST's interest in timely enforcement of its patents *alone* is not enough to defeat a motion to stay" (Motion at 9 (emphasis added)),[6] "such a delay should still be considered in determining the extent of undue prejudice." *Intell. Ventures II LLC v. Sprint Spectrum, L.P.*, No. 2:17-cv-00662-JRG-RSP, 2018 WL 11363368, at *1 (E.D. Tex. Nov. 19, 2018). Here, NST's interest in the timely enforcement of its patent rights, coupled with the concrete risk of losing valuable evidence and the disadvantages associated with casting a cloud over the patents for the remainder of their terms, is sufficient to overcome Qualcomm's request for a multi-year stay so late in the case. Accordingly, this factor weighs heavily in favor of denying Qualcomm's Motion.

### C.    WHETHER A STAY WOULD SIMPLIFY ISSUES IS SPECULATIVE

Qualcomm's simplification argument, unsubstantiated as it may have been when made, was mooted by the Court's rulings on the parties' motions for reconsideration of the *Markman*

---

[6] Qualcomm also argues that NST "cannot complain about delay" because "Philips, the company NST bought the patents from, was marketing the portfolio eight years before suit was filed in this case." Motion at 9. This argument fails to show how prejudice to NST is tied to Philips's conduct eight years ago, and, if anything, only underscores how Qualcomm has been willfully infringing the Asserted Patents for nearly a decade—and how it intends to continue doing so during the pendency of the multi-year stay it demands.

Order. Dkt. 392. In the wake of that Order, the '818 Patent is "in," the '449 Patent is "out,"[7] and Qualcomm's simplification arguments regarding these patents are moot.

Regarding the '2893 Patent, Qualcomm bases its simplification argument on a dispositive motion that it inappropriately and prematurely filed in the midst of fact discovery before NST had the opportunity to complete fact and expert discovery supportive of its claims. *See* Dkt. 339-1 at 1, 4-5. Granting the Motion under these circumstances would encourage other defendants to similarly couple stay motions with premature (and meritless) dispositive motions to create the illusion of "simplification" based on purely speculative assertions that they will prevail. Indeed, Qualcomm speculated that it would prevail regarding the '818 Patent. Motion at 7. It was wrong. *See* Dkt. 392. It is (at least) equally plausible that Qualcomm's speculation regarding the '2893 patent (Motion at 8) is wrong too. A stay based on such speculation would be inappropriate.

While the '052 Patent was found unpatentable in the IPR proceedings, that decision is non-final and is, in fact, subject to NST's pending Request for Rehearing. Dkt. 371-8. As this Court found when it rejected Qualcomm's earlier bid for a stay justified by the pendency of PTAB proceedings involving the '052 Patent:

> I'm just not convinced that, even if this were to go to trial without a final ruling on the two IPRs, and or if it did and even if two of those patents were knocked out, that the scope of simplification that would occur as a result of whatever we would learn from IPR is sufficient to justify a full pause on the case.

Dkt. 170, 51:17-52:2. The Court was correct then, and would be correct now, in concluding that there is no forthcoming simplification from this proceeding given that the Court has already entered its *Markman* order (Dkt. 296), and the PTAB's construction of the relevant claim terms was not inconsistent with the Court's in any event. And even if there were a credible risk of inconsistent rulings (which there is not), this case should still move forward. *See Intell. Ventures*

---

[7] *See* footnote 1, *supra.*

*I LLC v. Toshiba Corp.*, No. 13-453-SLR/SRF, 2015 WL 3773779, at *4 (D. Del. May 15, 2015) (declining to impose a stay despite the risk of inconsistent rulings because "when you keep both the administrative and judicial tracks moving, the competitive business world benefits from the timely presentation of both in the Federal Circuit, the final arbiter of any substantive differences: more information generally makes for a better decision").

In light of the factors detailed above, a stay is not warranted. However, if the Court is swayed by the state of the '052 Patent IPR proceedings, it should sever and stay only NST's claims as to that patent at the conclusion of expert discovery[8] on December 1, (*see* Dkt. 391), and allow the remainder of NST's claims to proceed. This approach has been endorsed by several courts because it "resolve[s] Defendant's concern regarding the [IPR patents] while avoiding the prejudice that would be imposed on [Plaintiff] by a stay of its claim for infringement" of the non-IPR patents. *See Neonode Smartphone LLC v. Samsung Elecs. Co.*, No. 6:20-CV-00507-ADA, 2023 WL 11915742, at *4 (W.D. Tex. Mar. 22, 2023); *see also Intell. Ventures II LLC v. BITCO General Insurance Corp.*, 2018 WL 9596640, at *3 (E.D. Tex. June 21, 2018); *Papst Licensing GmbH & Co., KG v. Apple, Inc.*, 2018 WL 3656491, at *6 (Aug. 1, 2018).

## V.    CONCLUSION

For the reasons provided above, NST respectfully requests that the Court deny Qualcomm's Motion in its entirety. Alternatively, if the Court were inclined to grant a stay, the Court should sever and stay NST's infringement allegations as to the '052 Patent and this case should proceed with the '818 and '2893 Patents.

---

[8] NST's (and presumably Qualcomm's) experts have already spent countless hours preparing their reports, which are due in a matter of weeks, to address all of the Asserted Patents. Postponing the start of any stay affecting the '052 Patent until after the expert discovery period concludes would save the parties and their experts from having to re-do all of that work once any stay affecting that patent is lifted.

Date:    July 31, 2025                              Respectfully submitted,

                                                   */s/ Daniel S. Stringfield w/ permission*
                                                   <u>*William E. Davis, III*</u>
                                                   William E. Davis, III
                                                   Texas State Bar No. 24047416
                                                   Ty Wilson
                                                   Texas State Bar No. 24106583
                                                   DAVIS FIRM PC
                                                   213 N. Fredonia Street, Suite 230
                                                   Longview, TX 75601
                                                   Telephone: (903) 230-9090
                                                   bdavis@davisfirm.com
                                                   twilson@davisfirm.com

                                                   Daniel S. Stringfield
                                                   Timothy Maloney
                                                   Matthew M. Zuziak
                                                   Peter C. Krusiewicz
                                                   Allison E. Strong
                                                   **NIXON PEABODY LLP**
                                                   70 West Madison St., Suite 5200
                                                   Chicago, IL 60602
                                                   (312) 977-4130
                                                   dstringfield@nixonpeabody.com
                                                   tmaloney@nixonpeabody.com
                                                   mzuziak@nixonpeabody.com
                                                   pkrusiewicz@nixonpeabody.com
                                                   astrong@nixonpeabody.com

                                                   Michael W. Gray
                                                   **NIXON PEABODY LLP**
                                                   300 S. Grand Avenue, Suite 4100
                                                   Los Angeles, CA 90071
                                                   (213) 629-6000
                                                   mgray@nixonpeabody.com

                                                   Alec M. Royka
                                                   **NIXON PEABODY LLP**
                                                   677 Broadway, 10th Floor
                                                   Albany, NY 12207
                                                   (518) 427-2650
                                                   aroyka@nixonpeabody.com

                                                   *Attorneys for Plaintiff Network System*
                                                   *Technologies, LLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing document and all accompanying exhibits were served via electronic mail transmission on July 31, 2025 to all opposing counsel of record.

*/s/ William E. Davis, III*
William E. Davis, III
