UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| NETWORK SYSTEM TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>QUALCOMM INCORPORATED, ET AL.,<br><br>Defendants. | §§§§§§§§§§§§§ CIVIL NO. A-22-CV-01331-ADA<br>**PUBLIC VERSION** |

### ORDER REGARDING DISCVOERY DISPUTES AND CASE MANAGEMENT

Before the Court is the above-filed patent infringement suit brought by Network System Technologies, LLC ("NST") against Qualcomm. On August 20, 2025, the Court held a hearing regarding various pending motions and issues. The motions and issues[1] are as follows:

| ECF No.[2] | Motion / Issue |
|---|---|
| 370-1 | Qualcomm's Motion to Stay Deadlines After the Close of Fact Discovery |
| n/a | Amended Scheduling Order |
| 344 | Qualcomm's Motion to Strike NST's Infringement Contentions for U.S. Patent No. 8,072,893 Without Leave to Amend |
| n/a | Narrowing prior art references |
| 332-1 | NST's Motion to Compel Deposition of Philippe Boucard |
| 334-1 | Qualcomm's Motion to Compel |
| 411 | NST's Motion for Protective Order |
| 350 | NST's Motion to Compel Interrogatory Responses |
| n/a | NST's Third Set of Interrogatories |
| 398 | NST's Motion to Compel Depositions on Sales Topics |
| 405 | NST's Motion to Compel Qualcomm's Production of Documents Revealed During Deposition |

---

[1] The Court also heard arguments on three issues the parties jointly raised via email: (1) narrowing prior art references; (2) NST's Third Set of Interrogatories; and (3) amended scheduling order.

[2] The Court cites to the sealed versions of the documents filed.

I.  DISCUSSION

A.  **Qualcomm's Motion to Stay Deadlines After the Close of Fact Discovery and the Parties' Dispute Regarding the Scheduling Order**

Originally, six patents were asserted in this case. *See* ECF No. 370-1 at 2. At the time Qualcomm filed its motion, four patents remained in discussion: U.S. Patent Nos. 7,373,449 ("the '449 Patent"), 7,594,052 ("the '052 Patent"), 7,366,818 ("the '818 Patent"), and 8,072,893 ("the '2893 Patent"). *Id.* at 1. These patents had either been held unpatentable by the Patent Trial and Appeal Board ("PTAB") following *inter partes* review ("IPR") (*i.e.*, the '449 and '052 Patents), ruled invalid by this Court (*i.e.*, the '449 Patent), or had dispositive motions pending against them (*i.e.*, the '818 and '2893 Patents). *Id.* at 2. Thus, Qualcomm argues a stay would be appropriate to conserve party and Court resources and to simplify the issues. *Id.* at 1. NST opposes, contending that: (1) a stay would be severely prejudicial given the progress made in the case; and (2) whether the case would be simplified was uncertain because the '818 and '2893 Patents had not been held invalid and whether Qualcomm's pending motions against these patents would succeed had yet to be determined. ECF No. 409 at 4–10.

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). It can stay proceedings for the "purpose of judicial economy and in its own interests and the interests of the litigants before it." *SuperMedia Inc. v. Bell*, No. 3:12-CV-2034-GFISH, 2012 WL 5389683, at *1 (N.D. Tex. Nov. 2, 2012) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254–55 (1936)). Courts typically consider three factors in the context of a stay involving IPRs: (1) whether a stay will unduly prejudice the nonmoving party, (2) whether a stay will simplify the issues before the court, and (3) the status of the litigation at the time a stay is requested. *Neonode Smartphone LLC v. Samsung Elecs. Co.*, No. 6:20-CV-00507-ADA, 2023 WL 11915742, at *2 (W.D. Tex. Mar. 22, 2023).

2

Having considered the parties' briefing and oral arguments, the Court determines that the Motion to Stay should be **GRANTED** because there are several issues that must be resolved currently complicating the progression of this case into the next phase of expert discovery and dispositive and *Daubert* motion briefing. Moreover, the '052 Patent has been held unpatentable by the PTAB, which NST has challenged. In short, a stay would allow the Court and the PTAB to address issues that will ultimately simplify the case.

Regarding the '449 Patent and '818 Patent, the Court previously ruled that the asserted claims of each were indefinite and not indefinite, respectively. *See* ECF No. 296 at 12–20, 23–27, 12. NST moved for reconsideration of the Court's ruling as to the '449 Patent, and Qualcomm moved for reconsideration of the Court's ruling as to the '818 Patent. ECF Nos. 297, 302. The Court denied the motions. ECF No. 392. At the hearing, the Court indicated that it would review the claim construction orders and motions for reconsideration for both patents. However, at the time, the Court did not appreciate that the '449 Patent had also been held unpatentable by the PTAB. Because the PTAB has issued a final written decision regarding the validity of the '449 Patent, the Court determines that reviewing the previous rulings holding the claims indefinite would waste judicial and party resources.[3] The Court will, however, review the previous rulings finding the claims of the '818 Patent not indefinite.

Regarding the '2893 and '052 Patents, Qualcomm has moved to strike NST's infringement contentions as to the '2893 Patent. ECF No. 344. As discussed below, this issue requires further attention from the Court that will impact the parties' abilities to serve expert reports, narrow prior art invalidity references, take expert discovery, and file dispositive and *Daubert* motions. And as mentioned above, the PTAB has held the '052 Patent unpatentable. NST recognizes that it is

---

[3] Thus, the '449 Patent remains withdrawn from this action. *See* ECF No. 409 at 1 n.1.

appropriate to sever and stay its claims as to this patent, and this Court has done so before to allow non-IPR patents to proceed. *See Neonode*, 2023 WL 11915742, at *4.

Accordingly, the Court finds that it is in the interest of judicial economy and the interests of the litigants to sever and stay the claims as to the '052 Patent and resolve the outstanding issues as to the '818 and '2893 Patents before the parties begin the next phase of the case.

**IT IS THEREFORE ORDERED** that NST's claims for infringement of the '052 Patent against Qualcomm are **SEVERED AND STAYED** pending resolution of NST's request for rehearing in IPR2024-00343.

**IT IS FURTHER ORDERED** that all unreached deadlines in this case are **STAYED** until the Court (1) reviews the prior claim construction order and Qualcomm's motion for reconsideration as to the '818 Patent, and (2) resolves the parties' dispute regarding NST's infringement contentions for the '2893 Patent, which, as discussed further below, impact the parties' abilities to meet the fast-approaching deadlines for expert reports and discovery. Once these issues are resolved, an amended scheduling order will be determined. Thus, the parties' dispute over the current scheduling order is **MOOT**, and both parties' proposed amended scheduling orders are **DENIED**.

To facilitate the Court's review of its previous orders, Qualcomm is **ORDERED** to file a supplemental addendum in support of its motion for reconsideration explaining its basis for why the Court erred in its determination that the claims of the '818 Patent are not invalid for indefiniteness. Qualcomm's supplemental addendum shall be filed within **seven (7) days of the date of this Order and shall be limited to five (5) pages**. NST may file a response within **seven (7) days of Qualcomm's supplemental addendum and shall be limited to five (5) pages**.

The Court's order as to the '2893 Patent is discussed below.

**B.     Qualcomm's Motion to Strike NST's Infringement Contentions for the '2893 Patent and Narrowing of Prior Art Invalidity References**

Qualcomm argues NST's infringement contentions for the '2893 Patent are deficient for failing to identify several elements of the asserted claim, Claim 10. In assessing Qualcomm's motion and NST's opposition thereto, the Court briefly describes the '2893 patent.

The '2893 Patent generally relates to an integrated circuit having a plurality of functional blocks interconnected via a data communication network. '2893[4] at 1:5–7. The patent describes large scale integrated circuits with large numbers of features that typically implement a large number of functions in discrete functional blocks, *e.g.*, system on chip (SoC) architectures. *Id.* at 1:8–13. The interconnect of the integrated circuit (IC) must be capable of communicating large amounts of data between the functional blocks and may do so by incorporating a data communication network, known as a network on chip (NoC). *Id.* at 1:13–22. Such NoCs comprise network stations interconnected via communication channels (*e.g.*, wires). *Id.* at 1:12–25. While the clock speed of integrated circuits (ICs) can typically be increased by introducing data storage elements into the slowest communication channel, for ICs communicating data between the functional blocks via an integrated network, this solution causes data to arrive outside a predefined clock cycle and thus causes the network to behave erroneously. *Id.* at 1:34–61. The claimed invention seeks to overcome this problem and improve data communication speed of a network of an IC by maintaining the correct periodicity between network stations. *Id.* at 1:62–64, 2:15–33.

Thus, Claim 10 of the '2893 Patent recites:

> 1.     A method of designing an integrated circuit comprising a plurality of functional blocks, and a data communication network comprising a plurality of network stations being interconnected via a plurality of communication channels for communicating data packages between the functional blocks, each data package comprising N data elements including a data element comprising routing information for the network stations, N being an integer of at least two, the plurality

---

[4] The '2893 Patent is attached to the operative pleading at ECF No. 183-5.

>of network stations comprising a plurality of data routers and a plurality of network interfaces, each of the data routers being coupled to a functional block via a network interface; the method comprising the acts of:
>
>identifying a first communication channel between a first network station and a second network station that has a data transfer delay exceeding a predefined delay threshold; and
>
>in response to the identifying act, inserting M*N data storage elements into the data communication network, M being a positive integer, for introducing a delay of M*N cycles on the first communication channel.

*Id.* at 12:22–41.

Qualcomm argues NST's infringement contentions for the '2893 Patent are deficient because they fail to identify what it contends meet each of the following limitations:

- "each data package comprising N data elements" with "N being an integer of at least two"

- "inserting M*N data storage elements" with "M being a positive integer" for "introducing a delay of M*N cycles"

- "identifying a first communication channel . . . that has a data transfer delay exceeding a predefined threshold"

ECF No. 344 at 1. Because NST has been previously ordered to clarify its contentions, Qualcomm argues that the contentions should be struck without leave to amend. *Id.* at 2.

NST counters that Qualcomm's motion is a premature attempt at summary judgment and that NST has specifically identified, with citations to source code and documents, "the thing it is contending" meets every claim element, thereby complying with the Court's previous order and putting Qualcomm on notice of its infringement theories. ECF No. 339-1 at 2.

After careful consideration of the parties' briefing and oral arguments, the Court determines that NST's infringement contentions are deficient. However, the Court exercises its discretion to allow NST to amend its contentions rather than issuing a claim-dispositive order. The case deadlines are stayed pending the Court's review of the '818 Patent, so allowing NST to amend

6

its infringement contentions during this time to address Qualcomm's concerns will not prejudice Qualcomm. Rather, it will allow Qualcomm to appropriately prepare its opening expert report on invalidity and narrow its prior art invalidity references, which Qualcomm contends it cannot do while NST's infringement theory regarding this patent is unknown. Moreover, during the hearing, it appeared to the Court that the parties may have an underlying disagreement regarding the Court's construction of "each data package comprising N data elements" that may be impacting this dispute. *See* ECF No. 296 (construing the limitation as "every data package communicated by the network stations has a fixed size of N data elements"). Whether such dispute does exist will be clarified by NST's amended infringement contentions, and the Court may take up the matter then. Accordingly, the Court finds it and the parties are better served at this moment by allowing NST to amend its infringement contentions.

For these reasons, Qualcomm's Motion to Strike is **DENIED WITHOUT PREJUDICE**. NST is **ORDERED** to file amended infringement contentions within fourteen (14) days of the date of this Order that identify the alleged: "N," "M," "N*M," "first communication channel," "predefined threshold," "delay exceeding a predefined threshold," and "identifying act." NST must do this for each representative accused product. Moreover, NST is reminded of its burden to explain why a certain accused product is representative and which other accused products it represents. If Qualcomm finds the amended infringement contentions deficient, Qualcomm may re-raise the issue, and the Court will set a hearing regarding the amended contentions. If the parties determine that there is a dispute over the Court's claim construction, the parties are **ORDERED** to identify the dispute and notify the Court. Finally, because NST's request that Qualcomm narrow its prior art invalidity references for the '2893 Patent is entangled with Qualcomm's Motion to Strike, NST's request is likewise **DENIED WITHOUT PREJUDICE**.

C. **NST's Motion to Compel Deposition of Philippe Boucard and Qualcomm's Motion for Protective Order**

NST moves to compel the deposition of Mr. Philippe Boucard, a Qualcomm employee who NST contends possess unique personal knowledge regarding the accused product's design and function. ECF No. 332-1. However, Mr. Boucard resides in France, and according to both parties, French Law No. 80-538 (the "Blocking Statute") prohibits depositions outside the Hague Convention's procedures. ECF No. 332-1 at 4; ECF No. 354-1 at 9–10. Though NST has proposed that Qualcomm make Mr. Boucard available in the U.S. or in neighboring countries where U.S.-style depositions are not contrary to the law, Qualcomm has represented that Mr. Boucard categorically refuses to leave France. *See* ECF no. 354-1 at 9–10.  NST currently proposes that this Court should find that Mr. Boucard is an officer, director, or managing agent at Qualcomm and thus order Qualcomm produce him for deposition in the U.S. outside the Hague Convention. ECF No. 332-1 at 6.

Given Qualcomm's representation that Mr. Boucard will not leave France that Qualcomm and that it cannot force him to leave France, the Court **DENIES** NST'S Motion to Compel **WITOUT PREJUDICE**. NST may file a subsequent motion to compel the deposition of Mr. Boucard (either in France or remotely) if it can support such request with caselaw.[5]

D. **Qualcomm's Motion to Compel and NST's Motion for Protective Order Regarding Litigation Funding**

Qualcomm moves to compel NST to produce litigation funding documents, arguing that the documents are relevant to NST's alleged standing and damages. ECF No. 334-1 at 1.

---

[5] For example, after a cursory search and review, the Court has found cases suggesting that remote deposition of a party or party-witness who resides in France may be ordered, despite the French blocking statute, when analysis of the specific facts of the case warrants it. *See, e.g.*, *United States v. Buff*, 636 F. Supp. 3d 441 (S.D.N.Y. 2022); *MGI Digital Tech. S.A. v. Duplo U.S.A.*, No. 8:22-CV-00979, 2023 WL 6814579 (C.D. Cal. Aug. 24, 2023). However, the Court recognizes that these cases are merely persuasive authority, and it expresses no opinion on whether a party would ultimately be successful on the merits of a motion brought on such grounds.

Qualcomm has also served Rule 30(b)(6) notices seeking information about NST's litigation funding and ███████████████████████████████████████. *See* ECF No. 411 at 1–2. NST opposes Qualcomm's motion to compel and moves for a protective order against Qualcomm's Rule 30(b)(6) notices. *Id.*

Courts have routinely held that information about litigation funding is largely irrelevant to the core issues involved in a patent case, such as infringement, invalidity, and damages. *See Purdue*, 6:21-CV-00727-ADA, ECF No. 250 at 5 (W.D. Tex. Jan. 18, 2023). The Court is thus not persuaded by NST's argument relating to damages. And though standing has been found to be a reason justifying production of litigation funding information, the Court finds that NST's standing concerns are largely speculative. *Cf. id.* (recognizing standing as a legitimate concern that *may* justify the production of litigation funding documents). Here, Qualcomm has: (1) received the patent purchase agreement, full assignment records, interrogatory responses ███████ ███████████████████████████████████████████████████████████████ ███████████████████████; and (2) deposed NST's principals, who testified ███████ ███████████████████████████████████████████████████████████████ ███████████████████ ███████████████████████████████████ ███████████████████████████████████. The Court thus finds NST's standing argument to be speculative.

For these reasons, the Court **DENIES** Qualcomm's Motion to Compel and **GRANTS** NST's Motion for Protective Order.

E.  **NST's Motion to Compel Interrogatory Responses and NST's Third Set of Interrogatories**

NST moves to compel Qualcomm to respond to its second and third sets of interrogatories. *See* ECF No. 350. Qualcomm opposes on the ground that NST's interrogatories exceed the number

9

of written interrogatories provided for in Federal Rule of Civil Procedure 33(a). ECF No. 373 at 1. Having reviewed the interrogatories, the Court agrees with Qualcomm.

Accordingly, any request that the interrogatories be supplemented or responded to is **DENIED**. However, each party is granted 30 additional Rule 30(b)(6) deposition hours to obtain any relief requested in those interrogatories. The Court recommends the parties follow the process outlined at the hearing in taking those depositions (*e.g.*, send 30(b)(6) deposition notices and the topics of questions the party intends to ask).

**F.     NST's Motion to Compel Depositions on Sales Topics and NST's Motion to Compel Qualcomm's Production of Documents Revealed During Deposition**

NST moves to compel Qualcomm to produce more witnesses for deposition on NST's sales-related topics. ECF No. 398 at 1. NST contends Qualcomm produced witnesses who were not properly prepared and consequently did not provide adequate testimony on the topics it noticed. *Id.* Qualcomm counters that much of NST's problems are of its own making and its witnesses were knowledge and prepared. ECF No. 417 at 1.

NST further moves to compel Qualcomm to produce four categories of documents revealed during the 30(b)(6) depositions it took. ECF No. 405 at 1–3. Specifically, NST seeks: (1) ; (2) ▮▮▮▮▮; (3) ▮▮▮▮▮; and (4) ▮▮▮▮▮. *Id.* at 10. Qualcomm counters that it has produced millions of pages of documents already and that many of NST's requests are either moot, irrelevant, or duplicative and unduly burdensome. ECF No. 418 at 1.

Having reviewed the parties' briefing and considered the oral arguments, the Court **DENIES** NST's Motion to Compel Depositions on Sales Topic. However, the Court **GRANTS-**

**IN-PART and DENIES-IN-PART** NST'S Motion to Compel Qualcomm's Production of Documents Revealed During Deposition. Qualcomm is **ORDERED** to produce the documents that its own witnesses volunteered during deposition (███████████████), to the extent it has not already done so.

## II. CONCLUSION

For the reasons set forth above, the Court **ORDERS** as follows:

| ECF No. | Motion / Issue | Ruling |
|---|---|---|
| 371 | Qualcomm's Motion to Stay Deadlines After the Close of Fact Discovery | **GRANTED.**<br><br>**IT ORDERED** that NST's claims for infringement of the '052 Patent against Qualcomm are **SEVERED AND STAYED** pending resolution of NST's request for rehearing in IPR2024-00343. **THE CLERK OF COURT IS DIRECTED** to sever all claims for infringement of the '052 Patent against Qualcomm, but all claims for infringement of the '818 and '2893 Patents remain pending in this action. In the severed action with the '052 Patent, the Clerk of Court is directed to include NST's Second Amended Complaint (ECF No. 183) and attendant exhibits, Notice of Filing of Patent/Trademark Form (ECF No. 3), Rule 7 Disclosure Statements (ECF Nos. 13, 38, 40, 251), and this Order. **THE CLERK OF COURT IS DIRECTED** to stay the severed action pending resolution of NST's request for rehearing in IPR2024-00343. The parties are **ORDERED** to file a notice to the Court regarding the outcome of NST's request for rehearing and the parties' respective positions on whether the stay should be lifted within fourteen (14) days of the PTAB's decision.<br><br>**IT IS FURTER ORDERED** that all unreached deadlines in this case are **STAYED** until the Court (1) reviews the prior claim construction order and Qualcomm's motion for reconsideration as to the '818 Patent, and (2) resolves the parties' issues with NST's infringement contentions for the '2893 Patent.<br><br>Qualcomm is **ORDERED** to file a supplemental addendum in support of its motion for reconsideration within seven (7) days of the date of this Order and shall be limited to five (5) pages. NST may file a response within seven (7) days of Qualcomm's supplemental addendum and shall be limited to five (5) pages. |

| | | |
|---|---|---|
| n/a | Amended Scheduling Order | **DENIED AS MOOT**. |
| 344 | Qualcomm's Motion to Strike NST's Infringement Contentions for U.S. Patent No. 8,072,893 Without Leave to Amend | **DENIED WITHOUT PREJUDICE**.<br><br>NST is **ORDERED** to file amended infringement contentions within fourteen (14) days of the date of this Order that identify the alleged: "N," "M," "N*M," "first communication channel," "predefined threshold," "delay exceeding a predefined threshold," and "identifying act." NST must do this for each representative accused product.<br><br>If Qualcomm finds the amended infringement contentions deficient, Qualcomm may re-raise the issue. The parties shall notify the Court after NST serves its amended contentions whether it appears that a dispute over claim construction is impacting the parties' positions on the adequacy of the infringement contentions. |
| n/a | Narrowing prior art references | **DENIED WITHOUT PREJUDICE**. |
| 332-1 | NST's Motion to Compel Deposition of Philippe Boucard | **DENIED WITHOUT PREJUDICE**. |
| 334-1 | Qualcomm's Motion to Compel | **DENIED**. |
| 411 | NST's Motion for Protective Order | **GRANTED**. |
| 350 | NST's Motion to Compel Interrogatory Responses | Any request that the interrogatories be supplemented or responded to is **DENIED**. However, each party is granted 30 additional Rule 30(b)(6) deposition hours to obtain any relief requested in those interrogatories. The Court recommends the parties follow the process outlined at the hearing in taking those depositions. |
| n/a | NST's Third Set of Interrogatories | |
| 398 | NST's Motion to Compel Depositions on Sales Topics | **DENIED**. |
| 405 | NST's Motion to Compel Qualcomm's Production of Documents Revealed During Deposition | **GRANTED-IN-PART and DENIED-IN-PART**.<br><br>Qualcomm is **ORDERED** to produce the documents that its own witnesses referenced during deposition (▬▬▬▬▬▬▬▬▬▬) as a basis for their knowledge in response to a question. |

Because many of the motions, responses, and replies were filed under seal, the Court likewise files this Order under seal. The parties are instructed to jointly email the Court with a redacted, public version of this Order within seven (7) days of the date this sealed Order is entered pursuant to this Court's Standing Order Regarding Filing Documents Under Seal and Redacted Public Versions.

**SIGNED** this 22nd day of August, 2025.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE